**Louis E. SERNA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28645.**

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

Application to Transfer Denied May 10, 1977.

Terry E. Brummer, Asst. Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

This is an appeal from a denial of a motion to vacate sentence under Rule 27.26. The sole point on appeal relative to the allegation of ineffective assistance of counsel, is the trial court's failure to make a finding upon counsel's failure to call Connie Crouch as a witness.

The matter arose in this manner: "Allegation two" of appellant's Rule 27.26 motion as to ineffective assistance of counsel: "The law could have established that movant and *Wade* were friends and that the alleged sale [of heroin] was procured through entrapment in that the lawyer could have secured witnesses that Wade and movant were very goods friends * * *." [Brackets added.] Appellant testified that he believed he had an entrapment defense to the sale of heroin because he and the informer (Wade) were good friends. He wanted, at trial, to call Connie Crouch, his employer to show his friendship with the informant, and gave his counsel her name. Appellant understood that his counsel talked to her after his arrest, but only about making bond. On cross-examination, appellant testified: "Q Are you telling this Court that you asked Mr. Franklin to call her as a witness? A. Well, I wanted her as a witness, right, you know. Q What was she going to testify to? A. That me and Bill Wade were friends. Q That's the only thing; right? A. Right. Q Nothing else? A. Nothing else. Q She wasn't a witness to the facts of the case, was she? A. What? Q Is there anything else that she knew about this case other than the fact that you say she would testify you and Wade were friends? A. To my knowledge I don't think so. Q What would have been the only reason whatsoever; correct? A. Right."

Counsel who represented appellant at the original trial testified on the hearing of this motion that appellant never did tell him what Crouch's role in the case was, but he did say to talk to her. He did talk to her, but only in regard to bonding, and she knew absolutely nothing about the allegations in the indictment. The deposition of Wade was taken shortly before trial, during which Wade testified that he and appellant were good friends, that had a bearing on case, and he was present at the time of trial, and the facts he wanted Wade then to testify to were brought out by the narcotics agents. "Based upon his [Wade's] evidence at the deposition, I felt that his story would remain the same and it would be damaging to Mr. Serna. In other words, it was just another witness that would be testifying substantially to the same thing that the police officers were testifying to. Q You're familiar with the law of entrapment in the State of Missouri? A. Yes. Q And your knowledge of this, of course, was considered in making your trial decision as far as whether or not to call Mr. Wade as a witness; is that correct? A. I did not feel like entrapment was a viable defense." It thus does not appear that there were any facts which would constitute a defense of entrapment, and on this record, counsel could not be considered derelict in failing to present the same, and the failure to call Connie Crouch as a witness to show merely that Wade and appellant were good friends does not show that counsel was ineffective in representing appellant.

The court did not in so many words rule the allegation, but stated generally, "Taking all contentions which had been raised by movant, they would not support either singularly or collectively the claim of denial of effective assistance of counsel", and the court concluded: "By any standard which one might employ, from the early harsh standard of 'a farce and a mockery of justice,' to the more recent pronouncement by the Missouri Supreme Court in *Anderson v. State*, 487 S.W.2d [455], l.c. 460 [quoting] * * *. In the instant case the record at evidentiary hearing that movant's counsel was fully cognizant of his responsibilities and that the contentions now made are simply a complaint by way of hindsight as to what counsel should have done." The findings and conclusion of the trial court are sufficient to rule the allegation. *Brown v. State*, 495 S.W.2d 690, 696 (Mo.App.1973); *Bradley v. State*, 494 S.W.2d 45, 49 (Mo. 1973).

The judgment is affirmed.