**Cornell T. BREWSTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29224.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 26, 1979.

Application to Transfer Denied
April 10, 1979.

Edward P. Cleary, Marshall, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant was convicted of first degree murder. This court affirmed that conviction on direct appeal in an opinion which sets forth the facts leading to and surrounding the homicide. *State v. Brewster,* 525 S.W.2d 427 (Mo.App.1975). Thereafter defendant filed a motion under Rule 27.26 to set aside the conviction. The trial court denied the motion, from which defendant appeals. We affirm.

In his brief, defendant raises ten points. The first nine of those relate to alleged ineffective assistance of counsel and all of those points will therefore be discussed together as one category under Section I of this opinion. Defendant's remaining point challenges the sufficiency of the trial court's findings of fact, and that point will be discussed under Section II of this opinion.

I.

*Sufficiency of the Legal Representation*

Defendant complains: (1) that his trial attorney failed to interview any witnesses prior to the day of trial; (2) that his attorney failed to timely subpoena witnesses; (3) that his attorney failed to learn the identity of witnesses who could have testified at the trial in addition to those who did appear on behalf of defendant; (4) that by reason of the foregoing, defendant was deprived of his right to testify by depriving him of corroborating witnesses; (5) that by reason of the foregoing, defendant was deprived of his defense of self-defense; (6) that his attorney failed to object to certain testimony by Deputy Sheriff Donley; (7) that his attorney failed to disqualify the prosecuting attorney because of an alleged personal interest in the proceedings by the prosecutor; (8) that his attorney failed to object to certain testimony by Sheriff Darnell; and (9) that his attorney failed to object to certain cross-examination of witness Ceola Jackson.

The first five of those complaints all revolve around the question of whether the defense trial counsel made sufficient investigation and evidentiary preparation, and those five points will therefore be discussed together. Defendant's Points 6, 8 and 9 all concern failures to object and will be treated together. Point 7 raises a distinct issue which will be discussed separately by itself.

A. *Sufficiency of Trial Preparation.* A defendant must carry a heavy burden of proof when he seeks by a post-trial motion to set aside his conviction on the ground that he did not receive effective assistance of counsel. *Aikens v. State,* 549 S.W.2d 117 (Mo.App.1977); *Eldridge v. State,* No. 39657, decided by the St. Louis District of the Missouri Court of Appeals on December 19, 1978. Part of that heavy duty, when he alleges that his trial counsel should have conducted additional investigation and introduced additional evidence, is the obligation to show that the further investigation and additional testimony would have been helpful to the defense. *Curry v. State,* 504 S.W.2d 97 (Mo.1974); *Thomas v. State,* 516 S.W.2d 761 (Mo.App. 1974); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974). Where the additional evidence would have been merely cumulative of uncontroverted evidence which was in fact introduced at the trial and the lack of the additional evidence was

914 ■ 

not prejudicial to the defendant, he is not entitled to relief under Rule 27.26. *Chambers v. State,* 554 S.W.2d 112 (Mo.App.1977).

■ The trial court in this case found that defendant failed to carry the heavy burden of proof referred to. (With respect to the form of that finding, see the discussion under Section II below). A review of the record as a whole justifies the finding.

■ B. *The Failures to Object to Testimony.* A mere failure to object to testimony does not establish that trial counsel was ineffective. The failure to object must go beyond mere error or mistake in trial strategy or judgment and must be of a character to result in substantial deprivation of defendant's right to a fair trial. *McConnell v. State,* 530 S.W.2d 43 (Mo.App.1975); *Nelson v. State,* 537 S.W.2d 689 (Mo.App.1976); *State v. Harris,* 425 S.W.2d 148 (Mo.1968); *Brown v. State,* 512 S.W.2d 404 (Mo.App. 1974).

■ The trial court here found that there had been no such denial to defendant of a fair trial. A review of the record as a whole justifies that finding.

C. *Failure to Request Disqualification of the Prosecuting Attorney.* Under this subpoint, defendant argues that he had reported to the prosecuting attorney that deceased had threatened him and had damaged his automobile, but that the prosecutor took no action with respect to that information. Defendant now argues that the inaction by the prosecutor was a violation of his duty to investigate and prosecute, that this gave the prosecuting attorney a personal interest in the proceedings against defendant, and that the prosecuting attorney should therefore have been disqualified.

■ There was no evidence that defendant had ever signed or formally filed any complaint with respect to the threat and car damage, which would have been a requisite to trigger any duty by the prosecutor to go forward. Moreover, a mere failure by the prosecuting attorney to investigate would not, without more, create in him such a personal interest as to require his disqualification. No authority is cited by defendant for his contention and inde-

pendent investigation discloses none. Disqualification of a prosecutor is called for only when he has a personal interest of a nature which might preclude his according the defendant the fair treatment to which he is entitled. *State v. Harris,* 477 S.W.2d 42, 44 (Mo.1972), and authorities there cited. However, the facts here claimed to create such a personal interest are in no way analogous to the situations in the cases where proper cause for disqualification was found. The trial court here was justified in his ruling that there was "no legal reason why he [the prosecuting attorney] should have to be disqualified in the prosecution of this case."

*Summary.* The judgment of the trial court is based on findings of fact which are not clearly erroneous. Any further discussion of the facts and law pertaining to the alleged ineffective assistance of counsel would have no precedential value. Defendant's Points numbers 1 through 9, both inclusive, are therefore ruled against him under Rule 84.16(b).

## II.

### Sufficiency of the Findings

■ Defendant under this heading makes reference to the court's oral findings concerning three areas of dispute. The first area has to do with the charge originally made by defendant (but abandoned on this appeal) to the effect that blacks had been systematically excluded from jury service. The trial court specifically found on that issue as follows: "Now we have absolutely no evidence of that and of course the Court will have to find that issue against this Defendant." That finding was clearly sufficient.

The next finding mentioned by defendant had to do with the matter of whether defense counsel should have tried to secure disqualification of the prosecuting attorney. Defendant complains the trial court ruled on that issue "summarily." That issue has already been discussed in Section I, C above. The court's finding and conclusion on that point was clearly sufficient.

Defendant reserves his main fire, however, for a complaint that the trial court did

not adequately answer his contention that his trial attorney had failed to adequately investigate and call additional witnesses. That was the main complaint made by defendant at the 27.26 hearing, that was the issue to which the majority of the testimony at the 27.26 hearing was directed, and that is the issue as to which defendant now mainly argues that the trial court made insufficient findings.

With respect to this matter, the trial court found as follows: "Now I have listened to all of these witnesses here today and I don't think there is one single bit of evidence that was offered here that isn't in this record right here (indicating). Now, of course, there must be some showing that he was hurt by alleged malfunction or nonfunction of his attorneys. Now I haven't heard any evidence here today that would indicate that there was anything different than the evidence and the facts that were presented in the issues in this lawsuit and the jury listened to and made up their minds."

Defendant attacks those findings on the ground that the trial court made no finding as to the evidence presented at the 27.26 hearing and had reference only to the transcript of what happened at the original trial. In this respect defendant's brief states: "It should be self evident that the evidence presented on the 27.26 Motion could not have been in the Transcript of the original trial. * * * The Court did not make any ruling on the issue of ineffective Counsel that was based upon the evidence before the Court in the 27.26 Hearing."

In making that argument, defendant has wholly misconstrued the trial court's ruling. The trial court was in no way saying that there were no new witnesses at the 27.26 hearing who had not testified at the original trial. Rather, the trial court was saying very clearly that the additional testimony given by these additional witnesses was not of such character or of sufficient importance so that the lack thereof at the original trial could have resulted in any prejudice to the defendant.

The ultimate issue before the trial court was whether the acts of defendant's trial counsel had been such as to result in a substantial deprivation to him of the right to a fair trial. *Walker v. State*, 567 S.W.2d 398 (Mo.App.1978). The trial court here did make a finding on the ultimate issue as follows: "I believe anyone could read this transcript and agree that they [defense trial counsel] performed well here in this case. I felt at the time of the conclusion of the trial and at the time of the Motion for a new trial that Mr. Brewster had received a fair and decent and just trial and the matter was up to the jury and the jury found against him." The findings in total context were sufficient. *Serna v. State*, 546 S.W.2d 788 (Mo.App.1977); *Warren v. State*, 501 S.W.2d 173 (Mo.1973).

Affirmed.

All concur.