William Earl TYGART, Appellant,

v.

STATE of Missouri, Respondent.

No. 14997.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 1987.

Motion for Rehearing or Transfer
to Supreme Court Denied
Dec. 24, 1987.

---

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

William Earl Tygart ("movant") appeals from a judgment denying his motion under Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986), to vacate his conviction of selling marihuana, for which he was sentenced to 30 years' imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Tygart,* 673 S.W.2d 83 (Mo.App.1984).

In the instant appeal, movant maintains that the circuit court, henceforth referred to as "the motion court," erred in denying movant's motion in that movant, at the jury trial, was denied his right to effective assistance of counsel under U.S. Const. amends. VI and XIV, and Mo. Const. art. I, § 18(a). Movant asserts that the attorney who represented him at the jury trial, henceforth referred to as "defense counsel," failed in two instances to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances.

The first instance was during the prosecutor's cross-examination of defense witness Billy Johnson. Johnson, some two years prior to movant's jury trial, had entered a plea of guilty to selling marihuana. The charge against Johnson had been based on his participation in the same sale from which the charge against movant arose. At movant's trial, Johnson testified he (Johnson) acted alone in making the sale, and that movant "was nowhere around" when it occurred.

At the Johnson guilty plea hearing, the State was represented by assistant prose-

cuting attorney Norman Rouse. The prosecutor at movant's trial attempted to impeach Johnson by questioning him about statements he had made at the time he entered his plea, and also about statements prosecutor Rouse had made at the time of the plea. The statements were set forth in a transcript of the plea proceeding. At movant's trial, the prosecutor offered the transcript in evidence and it was received as State's Exhibit 4.

The episode is narrated in detail in our opinion affirming movant's conviction, 673 S.W.2d at 88–91, and the pertinent portions of Exhibit 4 appear there in footnote 4. While we shall not lengthen the instant opinion by repeating what is said on those pages, it is essential that the reader study them before going further into the instant opinion, as one must know what took place at movant's trial in order to follow our discussion of the issues *infra*.

Movant asserts that defense counsel was derelict in "failing to object to the State's use of Billy Johnson's guilty plea transcript to impeach Johnson, which prejudiced [movant], since Johnson could not tacitly 'admit' [movant's] guilt, and the guilty plea transcript would have been inadmissible for impeachment purposes had counsel properly objected."

Movant overstates the inadmissibility of Exhibit 4. As carefully explained in our previous opinion, the portions of Exhibit 4 containing statements by Johnson that in making the sale he was acting with a friend and "just done it for this other guy" were admissible for the purpose of impeaching Johnson's testimony, as prior inconsistent statements. 673 S.W.2d at 90. We did, however, acknowledge that if defense counsel had registered a timely objection to (a) that portion of Exhibit 4 containing *prosecutor Rouse's* statement that Johnson "was there with Mr. Tygart," and (b) Johnson's testimony on cross-examination that he remained silent when Rouse made such statement, or at least did not remember disagreeing with it, authority existed that such evidence was inadmissible.

*Id.* Reviewing items "(a)" and "(b)" for plain error under Rule 30.20, Missouri Rules of Criminal Procedure (15th ed. 1984), we held that the trial court committed no plain error in failing, *sua sponte*, to exclude them. *Id.* at 90–91. In reaching that conclusion, we observed that there was clear evidence of movant's guilt, that the testimony of movant's alibi witnesses other than Johnson was vague, that the challenged testimony was not vital to the State's case, and that such testimony was used primarily, if not solely, to impeach Johnson. *Id.* at 91.

In *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987), the Supreme Court of Missouri, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that in order to prevail on a claim of ineffective assistance of counsel, a prisoner seeking post-conviction relief under Rule 27.26 must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that the prisoner was thereby prejudiced. The prisoner must satisfy both the performance prong and the prejudice prong to prevail. *Sanders*, at 857. The Supreme Court of Missouri quoted the following standard from *Strickland:*

> "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93.

*Sanders*, at 857–58.

The mere failure to object to objectionable evidence does not establish that counsel rendered ineffective assistance. *State v. Harris*, 425 S.W.2d 148, 153[5] (Mo.1968); *State v. Morris*, 591 S.W.2d 165, 169[6] (Mo.App.1979). Failure to object constitutes ineffective assistance only where it was of such character as to result in a substantial deprivation of the accused's right to a fair trial. *Brewster v.*

*State*, 577 S.W.2d 911, 914[4] (Mo.App. 1979); *McConnell v. State*, 530 S.W.2d 43, 44[2] (Mo.App.1975). Those principles are consistent with the "benchmark" of *Strickland* that counsel renders ineffective assistance only if his conduct so undermines the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result.

■ Accordingly, we shall consider whether that portion of Exhibit 4 containing prosecutor Rouse's statement that Johnson "was there with Mr. Tygart," and Johnson's testimony that he remained silent when Rouse made such statement and did not remember disagreeing with anything Rouse said, so undermined the proper functioning of the adversary process that movant's jury trial cannot be relied on as having produced a just result.

Movant, in his brief, complains that defense counsel's failure to object to those items, henceforth referred to as "the objectionable evidence," allowed the State to place before the jury the improper inference that Johnson had tacitly admitted that movant was involved in the sale.

In holding on movant's direct appeal that the receipt of the objectionable evidence did not constitute plain error, we pointed out that plain errors are those affecting substantial rights and resulting in manifest injustice or a miscarriage of justice. *Tygart*, 673 S.W.2d at 90. *Ergo*, our conclusion that the trial court committed no plain error constituted a determination that the objectionable evidence did not engender manifest injustice or a miscarriage of justice.

■ While it might be argued that such a finding is tantamount to a finding that such evidence did not result in a substantial deprivation of movant's right to a fair trial, or tantamount to a finding that such evidence did not undermine the proper functioning of the adversary process to the degree that movant's trial cannot be relied on as having produced a just result, we need not assess the merits of such an argument here. Given the clear evidence of movant's guilt, the vague testimony by his alibi witnesses other than Johnson, the non-essential quality of the objectionable evidence, and the fact that it was used primarily, if not solely, to impeach Johnson, we hold that the receipt of such evidence did not result in a substantial deprivation of movant's right to a fair trial, and did not so undermine the proper functioning of the adversary process that movant's trial cannot be relied on as having produced a just result.

It follows that movant failed to satisfy the "prejudice prong" of the *Sanders* test. That being so, it is unnecessary to consider the "performance prong," i.e., whether defense counsel, in failing to object to such evidence, failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances.

The motion court did not err in ruling that movant failed to establish ineffective assistance of counsel in regard to the first alleged instance of ineffective assistance.

■ The second instance where defense counsel, according to movant, rendered ineffective assistance was during the prosecutor's final argument. The episode is set forth in our previous opinion, 673 S.W.2d at 91–92, where we addressed movant's fifth point on that appeal. That segment of the opinion must be read in order to follow our treatment of the issues *infra*.

Movant avers that defense counsel, by failing to make a sufficient objection, allowed the prosecutor "to arouse the hostility of the jurors" toward movant. Movant insists that the prosecutor's argument sought to "personalize" the jurors by raising in their minds the fear that movant would burglarize their homes and sell drugs to their children, even though there was no evidence to support such accusations.

Our previous opinion held that the argument did not rise to the level of plain error. In so deciding, we observed that the prosecutor's statements were to the general ef-

fect that drug users wanting dope will burglarize houses and that drug sellers will peddle drugs to school children, but that there was no specific charge by the prosecutor that movant himself had engaged in such conduct. 673 S.W.2d at 92. We added that in this era of widespread drug offenses it was doubtful that the prosecutor's remarks imparted any information the jurors did not already possess. *Id.*

We have examined the prosecutor's argument anew on the instant appeal, and we are convinced that it was not so egregious as to substantially deprive movant of his right to a fair trial, nor did it undermine the proper functioning of the adversary process to the degree that movant's trial cannot be relied on as having produced a just result.

We therefore hold that movant failed to satisfy the "prejudice prong" in the second alleged instance of ineffective assistance. That being so, we need not consider whether defense counsel's performance was substandard under the "performance prong" of the *Sanders* test.

The judgment of the motion court denying movant's motion to vacate is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.