STATE of Missouri, Plaintiff–Respondent,

v.

Stephen Lewis COOK, Defendant–Appellant.

No. 53451.

Missouri Court of Appeals, Eastern District, Division One.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied July 26, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted by a jury of first-degree robbery, § 569.020, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986, and was sentenced by the court as a prior offender to prison terms of 15 years on the robbery conviction and 10 years on the armed criminal action conviction, sentences to run consecutively. He appeals; we affirm.

Chris Garcia left the Missouri Bar and Grill in the City of St. Louis at about 9:30 p.m. on August 12, 1986, after drinking five or six beers there in a two-hour period. He walked down a narrow alley next to the bar toward 13th Street, to get to his van which was parked on the street.

As he went toward his van a man approached him, pointed a knife at him, and demanded his wallet. Although it was dark, Garcia could see his assailant's face because the man was only about a foot away and a nearby gas station provided sufficient light. Another man came up behind Garcia and put his hand on Garcia's shoulder. Garcia did not get a good look at him. He gave the man with the knife the money from his wallet. Upon demand, Garcia also gave the knife-wielding man his keys and removed his shoes. Three times during the robbery the man with the knife told his accomplice to get out the gun. The accomplice struck Garcia on the head with an object three times, causing Garcia to bleed. Garcia was then ordered to walk away, toward 14th Street.

Garcia walked for about one-half of a block before he turned to go back to the bar. He saw that his 1985 Dodge van was gone. At the bar he called the police, and he gave the responding officer a brief description of the man who had held a knife on him and the height of the other man.

Defendant was apprehended in Harvey, Illinois, driving Garcia's van. He did not give the arresting officers his true name. The officers recovered from him a set of keys on a key-ring. After he was informed of his *Miranda* rights, defendant told the officers he got the van from a white man in St. Louis, but he did not know the man's name. He said he told the man he had to leave St. Louis "in a hurry."

On September 2 Officer Carl Clifton contacted Garcia, informed him a suspect had been arrested in Illinois driving his van, and asked him to view an array of photographs to see if he could identify the robber. Garcia looked at five photographs and identified defendant's photo as the one depicting the robber, and he asked to view a line-up to verify his identification. On September 26 Garcia immediately picked defendant as his assailant from a line-up of five men.

At trial Garcia testified, identifying defendant as the robber who wielded the knife. He identified the van recovered in Illinois as his van and stated the keys taken from defendant were his keys. He also described the photographic array and the line-up. Officers Clifton and Simon corroborated Garcia's testimony concerning the out-of-court identifications.

On appeal defendant raises two points: 1) the court erred in denying his motion to suppress identification evidence because the out-of-court identifications were improperly suggestive and unreliable; and 2) in failing, *sua sponte*, to instruct the jury to disregard a statement of Officer Clifton which was evidence of other crimes and in failing, *sua sponte*, to declare a mistrial because that statement prejudiced him.

Initially, we note defendant preserved neither point for appeal. At no time during trial did defendant's counsel object to the identification testimony of Garcia and the officers on the grounds raised in his motion to suppress, nor did he object to the challenged statement of Clifton. *See State v. Sanford*, 734 S.W.2d 525, 527 (Mo.App. 1987); *State v. Moore*, 670 S.W.2d 550, 552 (Mo.App.1984). Further, neither point was raised in his motion for new trial. *See Moore*, 670 S.W.2d at 552; *State v. Williams*, 664 S.W.2d 226, 227 (Mo.App. 1983). A handwritten amendment to the motion for new trial, which alleged trial error in the denial of his motion to suppress identification evidence, was filed on June 26, 1987, well over 25 days after the verdict on May 20, 1987. Because the attempted amendment was untimely under Rule 29.11(d) for filing or amending a motion for new trial, it preserved nothing for review. *State v. Hamilton*, 732 S.W.2d 553, 555 (Mo.App.1987).

■ We find the trial court did not err in denying defendant's motion to suppress identification evidence as claimed by defendant in his first point. Applying the two-prong test for identification evidence, as set forth by this court in *State v. Toney*, 680 S.W.2d 268, 275 (Mo.App.1984), we conclude the procedures employed by the police in presenting the photo array and line-up to Garcia were not impermissibly suggestive.

It is implicit in a line-up or photographic array that one of the persons shown is a suspect. The fact Garcia knew that the police had a suspect in custody or that a suspect was present in the line-up or photo array does not make the procedure suggestive. *State v. Holly*, 697 S.W.2d 250, 252 (Mo.App.1985); *State v. Green*, 635 S.W.2d 42, 45 (Mo.App.1982). Moreover, in the totality of the circumstances, the identification of defendant by Garcia was reliable. *Toney*, 680 S.W.2d at 275.

In his second point defendant alleges the following statement by Officer Clifton, describing where he got defendant's photograph for the photo array, was inadmissible evidence of other crimes:

> I eventually found out who he [defendant] was through the Harvey, Illinois Police Department. I then learned that he had a record with our police department and did have a photograph on file.

Based on this statement, defendant contends the court, *sua sponte*, should have instructed the jury to disregard the statement and declare a mistrial.

■ Defendant requests consideration of his complaints under the plain error rule, Rule 30.20. He bears the burden of proof that trial error occurred which resulted in manifest injustice or a miscarriage of justice. The strength of the state's case is a *prime factor* in the determination of whether the trial court's error, if any, resulted in manifest injustice or a miscarriage of justice. *State v. McKinley*, 689 S.W.2d 628, 632 (Mo.App.1984).

■ The state's case was extremely strong. Defendant was apprehended while driving a stolen vehicle two weeks after the theft approximately 290 miles from where it was taken. He had the keys taken from the victim. He lied about his name, and he explained his possession of the van by stating he was given the vehicle by a white man, whom he did not know, because he told the man he had to leave St. Louis in a hurry. The victim positively identified defendant at trial as the man who robbed him. The jury, which did not assess punishment, deliberated only 15 minutes. Un-

der these circumstances, we find no manifest injustice nor a miscarriage of justice.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.