**Melvin THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54705.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Carrie D. Francke, Sp. Asst. Atty. Gen., Columbia, for respondent.

CRIST, Judge.

Movant appeals the denial of his 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of manslaughter, assault in the first degree, at-

tempted rape and two counts of first degree robbery, and was sentenced to a total of 65 years' imprisonment. The convictions and sentences were upheld in *State v. Thomas,* 710 S.W.2d 937 (Mo.App.1986). A recitation of the facts of the case can be found in that opinion.

In his first point on appeal, movant asserts his conviction for manslaughter must be vacated because the evidence is insufficient to support the conviction. This claim was not raised either in movant's direct appeal or his 27.26 motion. There is nothing in the record to indicate this claim could not have been raised on direct appeal, and a 27.26 proceeding cannot be used as a substitute for direct appeal to challenge the sufficiency of the evidence. *Ardrey v. State,* 612 S.W.2d 859, 860[1] (Mo.App. 1981). Thus, this issue is not cognizable in a 27.26 proceeding. Moreover, the issue is not properly before this court because it was not raised in movant's 27.26 motion or presented to the trial court for determination. *Campbell v. State,* 748 S.W.2d 834 (Mo.App.1988). For these reasons, movant's first point is denied.

In his second point, movant contends the motion court erred in dismissing his motion because three separate allegations of ineffective assistance of counsel entitled him to an evidentiary hearing. We will discuss each allegation separately to determine whether it contains facts, not conclusions, which, if true, warrant relief, are not refuted by the record and result in prejudice to movant. *Boggs v. State,* 742 S.W.2d 591, 594[1] (Mo.App.1987).

Movant's first allegation is that his counsel was ineffective for failing to object to the admission into evidence of three knives. All three knives were recovered by the police at the crime scene on the evening of the crime. One knife was found inside the front door of the house where the crimes occurred; another was found on the stairway landing of the home; and the third was found on the lawn of the home. Movant contends these knives were inadmissible because they were not connected with him or any of the other participants of the crimes and further asserts his counsel's failure to object to their admission prejudiced him by denying him a fair trial.

The crimes for which movant was charged were committed by the use of knives. The knives movant objects to were found at the scene of the crime soon after the crime was committed. "[W]eapons that have a tendency to explain the manner in which a crime was committed that are found at or near the scene of the crime subsequent to the commission of the crime are generally admissible." *State v. Taylor,* 701 S.W.2d 725, 728[3] (Mo. banc 1985) (quoting *State v. Bolder,* 635 S.W.2d 673, 688 (Mo. banc 1982)). Therefore, the knives were admissible and any objection defense counsel might have made would have been meritless. There is no obligation on the part of defense counsel to object to non-objectionable evidence, thus this allegation does not warrant an evidentiary hearing.

Movant's second allegation concerns his attorney's failure to object to testimony by a witness for the State which consisted of the following:

Q. [Prosecutor] Did you go down there?

A. Yes, ran down and—

Q. What did you see when you got down there?

A. When I seen them bringing Clarence [one of the victims] out on the stretcher and after I seen that, *I figured it was Stanley* [a co-participant in the crimes] *from the way he paced in front of the house.*

[Defense counsel] Pardon me, sir, I'm sorry I missed that. What did you say?

THE WITNESS: Never mind.

Q. [Prosecutor] Repeat what you said so the defense counsel can hear you.

A. *I said I imagined that it was Stanley and them from the way he paced in front of my house.*

(emphasis added).

Movant contends the statements were objectionable because they were conclusions drawn by the witness, and not statements of fact.

In most cases, the decision of whether to object to testimony must be left up to the judgment of trial counsel. *Coleman v. State*, 621 S.W.2d 357, 360[5] (Mo.App. 1981). Although the statement alluded to by movant may have been objectionable, the mere failure to object to objectionable evidence does not establish ineffective assistance of counsel. *Tygart v. State*, 741 S.W.2d 830, 832[1] (Mo.App.1987). We cannot say movant's counsel was ineffective for failing to object in this instance. *See Brewster v. State*, 577 S.W.2d 911, 914 (Mo.App.1979) (to establish ineffective assistance of counsel for failure to object to testimony the failure must go beyond mere error to result in substantial deprivation of movant's right to a fair trial). The record contained ample evidence to support movant's convictions absent the objectionable statement. Therefore, the failure to object did not deprive movant of a fair trial. *See Smith v. State*, 714 S.W.2d 778, 781[3] (Mo.App.1986).

Movant's final allegation of ineffective assistance concerns his attorney's failure to object to the State's closing argument wherein the prosecutor stated:

Do you think you are not going to remember that face?

. . . .

Think about what was going on over there. You think about that life and death situation. You think about how our instincts to survive take over. You think about Eric tied up, not knowing what's going to happen. His senses are keen and he's listening and he's watching.

. . . .

In this type situation, time becomes totally warped. How long do you think it takes a woman to be raped? How long do you think she feels it is to be raped? To have a weapon held on her, to not know whether she will live or die? How long is it until you see a man standing over your daughter, raping her? It would pass forever. How much longer is it until you go upstairs and you see your son on the floor stabbed and dying? Now we're into an eternity.

"It is well settled that the prosecutor may not personalize his argument to the jury." *State v. Harris*, 714 S.W.2d 561, 563 (Mo.App.1986). However, in light of the evidence against movant, we do not find movant was unduly prejudiced by defense counsel's failure to object. The remarks were in reference to the time involved in the attack and the opportunity for the witnesses to see and remember movant. Although the prosecutor would have been wiser to avoid the appearance of personalization, we cannot say the remarks were "so egregious as to substantially deprive movant of his right to a fair trial[.]" *Tygart*, 741 S.W.2d at 834[5].

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.