Stephen Lewis COOK, Appellant,

v.

STATE of Missouri, Respondent.

No. 55879.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. Through this motion, movant seeks to vacate his September 1986 convictions for robbery first degree and armed criminal action, for which he was sentenced as a persistent offender to consecutive prison sentences of fifteen (15) years for the robbery and ten (10) years for armed criminal action. These convictions and sentences were affirmed on direct appeal. *State v. Cook*, 753 S.W.2d 28 (Mo.App.1988). We affirm.

Movant first asserts he was entitled to an evidentiary hearing on his allegation his trial counsel was ineffective for failing to investigate a witness of whom movant contends he informed counsel prior to trial.

Movant alleged, in his amended motion, he furnished the name, address and phone number of one Charles Dunning to his at-torney. Movant alleged "Dunning knew who the actual perpetrators were and knew the movant was not one of them," and that counsel failed to investigate this witness or produce him at trial.

■ The trial court did not err in denying movant an evidentiary hearing. Movant's allegation that Dunning knew who the actual perpetrators were is conclusory, and gives no indication of the facts that could have been developed through this witness, or how this witness knew who the actual perpetrators were. *Page v. State*, 632 S.W.2d 293, 295 [1] (Mo.App.1982). Further, movant failed to allege that Dunning would have testified at trial. *Allbritton v. State*, 747 S.W.2d 687, 689 [3] (Mo. App.1988) (to be entitled to evidentiary hearing on an allegation of failure to investigate a witness, movant must allege the witness could have been located through reasonable investigation, he would have testified if called, and his testimony would have provided a viable defense).

Movant next asserts his trial counsel was ineffective for failing to object to several statements made by the prosecutor during closing argument. Movant asserts these statements effectively shifted the burden of proof to the defense, thus movant was denied a fair trial.

Movant complains of the following comments made by the prosecutor during closing argument: "the state's evidence is uncontradicted"; "the defendant is accorded his presumption of innocence does not, in fact, mean he is innocent"; "there is no evidence whatsoever which ought to be able to convince you that this man [defendant] was not guilty"; "that face [defendant's] is emblazoned in [the victim's] mind ... there is no evidence to show otherwise"; and "had there been any evidence that [the victim] was intoxicated that night, you would have heard that evidence."

■ Movant was not prejudiced by the prosecutor's remarks made during closing. The prosecutor was allowed to comment that the evidence was uncontradicted. *State v. Schupp*, 677 S.W.2d 909, 912–913 [7] (Mo.App.1984). The prosecutor's com-

ments stating the defense would have brought forth evidence that the victim was intoxicated if there had been any was a permissible adverse inference from the movant's failure to present evidence on that issue. *State v. Henton*, 753 S.W.2d 19, 20 [1] (Mo.App.1988). The prosecutor's comments on the presumption of innocence did not shift the burden of proof to movant. *See State v. Aldrich*, 724 S.W.2d 688, 694 [8] (Mo.App.1987). In sum, the remarks by prosecutor did not effectively shift the burden of proof to movant. His comments were not "so egregious as to substantially deprive movant of his right to a fair trial." *Thomas v. State*, 766 S.W.2d 720, 722 [4] (Mo.App.1989) quoting *Tygart v. State*, 741 S.W.2d 830, 834 [5] (Mo.App.1987).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.