**Darryl WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56031.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 23, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Appellant, Darryl Williams, appeals the denial of his Rule 27.26 motion to set aside judgment and sentence. On August 7, 1985, appellant was convicted of first degree robbery pursuant to section 569.020, RSMo 1986. Appellant was sentenced to 30 years imprisonment and the conviction was affirmed in *State v. Williams*, 721 S.W.2d 102 (Mo.App.1986).

In May of 1987, appellant filed his Rule 27.26 motion. After an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying appellant's motion. This appeal followed that ruling. We affirm.

■ Appellant's first point contends that the motion court erred in failing to find ineffective assistance of counsel when defense counsel failed to object to the prosecution's cross-examination of appellant's witness where the prosecutor misstated the law as follows:

PROSECUTOR: "As a matter of fact, sir, when you are under probation revocation, you cannot make bond at all and you know that."

WITNESS: "Yes, you can make bond."

The appellant claims that the prosecutor's question was designed to prejudice appellant by making it appear as if his witness was lying. We find that this point has no merit.

■ Counsel is strongly presumed to have rendered adequate assistance and made all decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In order to overcome this presumption of competency, the movant bears the burden of showing 1) that counsel's performance was deficient, and 2) that the deficient performance prejudiced the defendant. *Id.* at 687, 104 S.Ct. at 2064. The mere failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel. *Schlup v. State,* 771 S.W.2d 895, 900 (Mo.App.1989). To justify relief, the failure to object must be of such character as to deprive appellant substantially of his right to a fair trial. *Tygart v. State,* 741 S.W.2d 830, 832 (Mo.App.1987). Counsel renders ineffective assistance only if his conduct so undermines the proper functioning of the adversary system that the trial cannot be relied on as having reached a just result. *Tygart* at 833.

In the case at bar, there is no evidence to suggest that appellant was substantially prejudiced by defense counsel's failure to object to the prosecutor's misstatement of the law. In addition, the witness was allowed to answer the question and clear up any misconception of the law. Thus, we hold that defense counsel's failure to object to the prosecutor's statements did not result in a substantial deprivation of movant's right to a fair trial. Point denied.

■ The second point contends that the trial court committed plain error in denying appellant's motion to quash the jury panel after the state had used all of its peremptory strikes to remove black people from the jury in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Claims which are not raised in the 27.26 motion cannot be reviewed for the first time on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1988). Claims not raised in the motion court cannot be reviewed on appeal for "plain error" or otherwise. *Missouri v. Kittrell,* 779 S.W.2d 652, (Mo.App.1989). In the case at bar, neither the movant's pro se 27.26 nor his amended motion claim this violation of *Batson.* Thus, appellate review is precluded. Point denied.

The judgment of the motion court is affirmed.

SIMON, C.J., and SIMEONE, Senior Judge, concur.