Melvin **THOMAS**, Appellant,

v.

Michael **GROOSE**, Appellee.

No. 90–2434.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1991.

Decided Dec. 17, 1991.

George F. Taseff, Bloomington, Ill., for appellant.

William J. Bryan, Jefferson City, Mo., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and URBOM,* Senior District Judge.

LOKEN, Circuit Judge.

Melvin Thomas appeals the district court's [1] dismissal of his petition for habeas corpus. Thomas claims that he was denied effective assistance of counsel because his attorney failed to challenge the sufficiency of the evidence of his manslaughter convic-tion, failed to challenge the sufficiency of his indictment for attempted forcible rape, and failed to object to the prosecutor's clos-ing argument. We affirm.

Thomas was convicted in Missouri state court of manslaughter, first degree as-sault, attempted forcible rape and two counts of first degree robbery after he and two others robbed and terrorized the occu-pants of a residence on April 6, 1983. *See State v. Thomas*, 710 S.W.2d 937 (Mo.Ct. App.1986). Thomas was tried for capital felony murder, but the trial court's instruc-tions gave the jury the option of convicting him of the lesser offense of manslaughter, and it did so. Missouri law at the time mandated this practice of "instructing down."

Thomas argues that his counsel on direct appeal was ineffective for failing to argue that the evidence was legally insufficient to convict him of manslaughter. The evi-dence was insufficient, he contends, be-cause there was no evidence of the sudden provocation necessary to reflect the ab-sence of malice and deliberation that is an essential element of manslaughter. In oth-er words, his appellate attorney should have argued that Thomas was guilty of murder or no homicide at all, as was true in *State v. Anding*, 752 S.W.2d 59, 61 (Mo. banc 1988).

■ Contrary to Thomas's assertions, the record does show evidence of provoca-tion, namely, that Thomas's companion killed the victim in anger at the small amount of money and jewelry found in the house. Accordingly, even if this sufficien-cy of the evidence issue was not raised on direct appeal, Thomas cannot show the prejudice required for an ineffective assist-ance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Thomas next argues that his trial and appellate counsel were ineffective for failing to challenge the sufficiency of his indictment for attempted forcible rape. It is likely that this claim is procedurally barred, but in any event it is without merit.

---

* The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation.

1. The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern Dis-trict of Missouri.

The indictment described Thomas's conduct, the crime and statute under which he was charged, and the critical elements of attempted forcible rape. Thus, Thomas received the fair notice of the charge that due process requires, *Johnson v. Trickey*, 882 F.2d 316, 320 (8th Cir.1989), and his ineffective assistance of counsel claim fails because he cannot make the requisite showing of prejudice.

■ Finally, Thomas complains that his trial counsel was ineffective for failing to object that the prosecutor had improperly personalized her closing argument. This claim was rejected in Thomas's state post-conviction proceeding because the state court concluded that he was not unduly prejudiced by the closing argument. *See Thomas v. State*, 766 S.W.2d 720, 722 (Mo. Ct.App.1989). After reviewing the record, the district court accepted the state court's analysis, noting that while the closing argument "had some slight taint of personalization," the remarks in question "were in reference to the time involved in the attack and the opportunity for the witnesses to see and remember Thomas." We agree.

Accordingly, the judgment of the district court is affirmed.

---

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.