**STATE of Missouri ex rel. in the interest of Donald A. GANNON, Relator,**

v.

**The Honorable Carl R. GAERTNER, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Presiding Judge, Respondent.**

No. 41555.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied
Feb. 11, 1980.

Kortenhof & Ely, Amy R. Reichman, Joseph M. Kortenhof, St. Louis, for relator.

Gray & Ritter, Robert F. Ritter, St. Louis, for respondent.

CLEMENS, Senior Judge.

Prohibition; a case of first impression concerning alleged "forum shopping" in a damage suit filed in the City of St. Louis.[1] The underlying action was for damages arising from a collision in St. Louis County. Both plaintiffs, Donald J. and Patricia Tabone, and the other driver, Donald A. Gannon, now deceased, resided in St. Louis County. Before filing their petition plaintiffs represented to the respondent St. Louis City circuit judge that the deceased driver left no estate but carried liability insurance. Thereupon the respondent judge, pursuant to Sec. 537.021 1(2) RSMo. 1978, appointed G. Keith Phoenix, a City of St. Louis resident, as defendant ad litem for the deceased driver. Plaintiffs then filed in the City of St. Louis an action for damages against Mr. Phoenix as defendant ad litem for the deceased driver Donald A. Gannon.

The petition was promptly challenged for improper venue in the City of St. Louis by "Joseph M. Kortenhof, representing the interests of Donald A. Gannon, deceased, and the State Farm Mutual Automobile Insurance Company."

The trial court denied the motion to dismiss, and the present petition for prohibition came before us. We issued our provisional rule and the cause has now been briefed and submitted.

Initially, respondent judge challenges petitioners' standing to seek prohibition since neither is a party to their action. True, the liability insurer is not a party to

---

1. Relator argues that plaintiffs chose a defendant ad litem, a City of St. Louis resident, solely to place venue there. Plaintiffs respond that there is nothing sinister about seeking a favorable venue.

plaintiffs' action. Just as true, since the deceased driver's liability insurer is bound to pay any judgment against its insured, it does have an interest in plaintiffs' law suit. As held in *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186[2] (Mo.banc 1977): "The fact that relators are strangers to the proceeding at which prohibition is aimed does not prevent our consideration of the issues raised, provided the action of the lower court affects the interest of relators. (Citing cases.)" We hold the relators do have standing to seek prohibition and turn to their challenge to the respondent judge's jurisdiction.

But for the death of the driver Donald Gannon, venue would have been in St. Louis County since all parties resided and the collision occurred there. (Sec. 508.010(1), (6), RSMo.1978). Respondent, however, upholds venue in the City of St. Louis on the ground that is the residence of the court-appointed defendant ad litem, and the venue statute (Sec. 508.010(1)) specifically authorizes venue in the county where a "defendant" resides.

Relator would distinguish—for purpose of determining venue—between a defendant tort-feasor and a defendant ad litem. The defendant ad litem status was created by Sec. 537.021, L.1977. As applicable here it provides that where a personal injury action is asserted against a deceased wrongdoer who leaves no estate requiring probate, but who is insured against liability for damages, the court shall not open an estate but "shall appoint a qualified person to be known as a defendant ad litem" who "shall serve and act as the named party defendant in such action *in the capacity of legal representative of the deceased wrongdoer*." (Our emphasis.)

Before this remedial statute was enacted an action against a deceased, liability-insured tort-feasor required the probate appointment of an administrator, and the full panoply of probate proceedings, this on the theory the decedent's liability insurance was an asset of his estate. The obvious legislative purpose of Sec. 537.021, which became effective in 1979, was to simplify this burdensome procedure of normal estate administration in cases where there was no probate estate and the liability insurer was the "real defendant", and to substitute the so-called defendant ad litem for the formerly required administrator; the defendant ad litem is to serve as the named defendant in the capacity of the deceased's legal representative.

■ Nowhere does Section 537.021 speak of venue; it merely creates a nominal defendant—one who has no personal interest in or liability for the litigation. As the statute provides, he serves merely as the deceased's legal representative. We hold that status does not bestow upon him the right of a real defendant to choose venue on the basis of his own residence.

The purpose of the venue statute, Sec. 508.010, is obviously to provide a convenient, logical and orderly forum for litigation. That purpose would be thwarted by plaintiffs' contention that they can, in cases such as this, create venue of their choice by selecting a defendant ad litem who resides in a forum utterly foreign to the parties and their cause of action. Were we to uphold plaintiffs' contention that by having a defendant ad litem appointed from the City of St. Louis they can select that forum for their action, then by the same token plaintiffs could vest jurisdiction in any one of the other 115 counties of Missouri. We decline to adopt such an incongruous conclusion.

We hold that respondent judge lacks jurisdiction over the subject matter in the case before him, and accordingly we make permanent our provisional rule that the action be dismissed, without prejudice.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.