**J.C. JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15712.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 14, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

After a jury trial, movant J.C. Jones was convicted of forgery. § 570.090.1(1).[1] Movant's conviction and ten-year sentence were affirmed on appeal. *State v. Jones*, 703 S.W.2d 41 (Mo.App.1985).

On May 19, 1986, movant filed this motion for post-conviction relief under former Rule 27.26.[2] The motion was denied with-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, and all references to rules are to Missouri Rules of Court (18th ed. 1987).

2. Because this proceeding was pending prior to January 1, 1988, it continues to be governed under the provisions of Rule 27.26. See Rule 29.15(m), Missouri Rules of Court (19th ed. 1988).

out an evidentiary hearing. Movant appeals claiming that the motion sufficiently raised issues of fact justifying an evidentiary hearing on the question of ineffective assistance of counsel. In a second point movant attacks the sufficiency of the court's findings of fact.

Appellate review of a post-conviction proceeding is limited to a determination of whether the findings, conclusions, and judgment are clearly erroneous. *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984); Rule 27.26(j). "To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner." *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987).

Movant filed an original pro se motion which alleged inter alia that his attorney in the underlying case "never investigated or talked to any witiness [sic] which [movant] told his attorney about." After counsel was appointed to represent movant, an amended Rule 27.26 motion was filed which alleged, in pertinent part:

> [C]ounsel incorporates all allegations and motions made in [movant's] original motion under Supreme Court Rule 27.26.
>
> . . . .
>
> In the present case ... counsel for the [movant] failed to investigate Ms. Zelnor Branch. Ms. Branch would have testified that [movant] did not cash the check in question. By failing to investigate, interview, and call to the stand Ms. Branch, [movant's] trial was sorely prejudiced in that he was unable to rebut the state's allegations against him.

The court filed findings of fact and conclusions of law which tersely stated: "[M]ovant has either abandoned his claim of ineffective assistance of counsel or has raised points which are legally insufficient to justify release."

■ Movant's first point claims the findings were erroneous and insufficient to justify dismissal without a hearing. The procedure before the trial court is governed by the Rules of Civil Procedure. Rule 27.-26(a). Statements in a pleading may be adopted in a subsequent pleading. Rule 55.12. Thus, movant did not abandon any allegations of ineffective assistance of counsel in the original pro se motion under Rule 27.26. Those allegations were incorporated into the amended motion.

■ Movant's amended pleading is no model. However, a fair reading of the allegations quoted above indicates that counsel was informed about Zelnor Branch's testimony or that a reasonable investigation would have disclosed the content of her testimony; that defense counsel failed to interview or call her as a witness; that if called, she would have been able and willing to testify that movant did not pass the forged check of which he was convicted; and, as a result, movant was prejudicially denied the opportunity to contradict evidence presented by the state that he had passed the forged check. These facts, if believed by the court, would demonstrate ineffective assistance of counsel. The record made at trial does not refute the claim that counsel was ineffective in his investigation. Thus, the trial court erred in dismissing the motion without an evidentiary hearing.

Because the first point is dispositive of the appeal, movant's second point, that the trial court's factual findings lack sufficient specificity, need not be decided. We only note that specific factual findings and legal conclusions are required and will not be supplied by implication. *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978); Rule 27.26(j).

Accordingly, the judgment is reversed and the cause remanded for the limited purpose of determining whether movant was denied effective assistance of counsel resulting from counsel's alleged failure to investigate, interview, or call Zelnor Branch as a defense witness.

CROW, P.J., and GREENE, J., concur.