**STATE ex rel. Earbie HUNE, Relator,**

v.

**Honorable Brendan RYAN, Judge, Circuit Court of the City of St. Louis, Respondent.**

**No. 71029.**

Supreme Court of Missouri, En Banc.

June 13, 1989.

Marc S. Wallis, St. Louis, for relator.

Stephen R. Woodley, Paul C. Hetterman, St. Louis, for respondent.

HIGGINS, Judge.

Relator, Earbie Hune, was injured in an automobile accident while a passenger in a van driven by Michael Grosch. Michael

Grosch was killed as a result of the injuries he received in the accident. Relator filed a petition in the City of St. Louis alleging that: (1) Michael Grosch caused him personal injuries by negligent and careless operation of a vehicle; (2) Michael Grosch is a deceased resident of the City of St. Louis; (3) Bernard Weitzman was appointed as defendant *ad litem* for Michael Grosch in accordance with the provisions of section 537.021, RSMo 1986; (4) Michael Grosch was an agent, servant, and employee of E. & T. Transportation Corporation and St. Louis Psychiatric Day Care Center, Inc., acting within the scope and course of his employment when the accident occurred; and, (5) venue is proper in the City of St. Louis in accordance with section 508.-010, RSMo 1986, because both he and Michael Grosch were residents of the City of St. Louis.

E. & T. Transportation Corporation and St. Louis Psychiatric Day Care Center, Inc., moved to dismiss relator's petition on the ground venue was not proper in the City of St. Louis because no living defendant resided in the City of St. Louis when the petition was filed; respondent sustained the motion. Following denial of relief in the court of appeals, relator petitioned this Court for a writ of prohibition or in the alternative for writ of mandamus. This Court granted a preliminary writ in prohibition and an alternative writ of mandamus. The Court now quashes its writ in prohibition; makes peremptory its writ of mandamus, and remands the cause for reinstatement of relator's petition and further proceedings.

■ The question is whether relator has a right to venue in the City of St. Louis under section 508.010(2). If so, the writ of mandamus is an appropriate remedy to reinstate a petition erroneously dismissed for improper venue. *State ex rel. Willman v. Marsh*, 720 S.W.2d 939 (Mo. banc 1986).

■ There is no dispute that section 508.010(2), is the applicable venue statute under these circumstances. It provides: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county[.]" Respondent concedes, and this Court agrees, that the residence of the defendant *ad litem* does not control for venue purposes. *State ex rel. Picker v. Gaertner*, 599 S.W.2d 45 (Mo.App.1980); *State ex rel. Gannon v. Gaertner*, 592 S.W.2d 214 (Mo. App.1979). Respondent further concedes but for the death of the driver, Michael Grosch, venue would have been proper in the City of St. Louis because Michael Grosch resided there, and, if relator wished to bring his cause of action against the probate estate of Michael Grosch, venue would be proper in the City of St. Louis. Respondent contends, however, relator has no right to venue in the City of St. Louis now because no living defendant resided in the City of St. Louis when the suit was filed.

Section 537.021 provides for the appointment of a defendant *ad litem* where a wrongful death action is asserted against a deceased wrongdoer who leaves no estate requiring probate, but who is insured against liability for damages. "Before this remedial statute was enacted an action against a deceased, liability-insured tortfeasor required probate appointment of an administrator, and the full panoply of probate proceedings, this on the theory the decedent's liability insurance was an asset of his estate." *State ex rel. Gannon*, 592 S.W.2d at 216.

The purpose of the venue statute, section 508.010(2) is to provide a convenient, logical and orderly forum for litigation. The venue statutes do not contain a provision regarding location of venue when a defendant *ad litem* is appointed. Section 537.-021 does not speak of venue. The legislative purpose of section 537.021, however, was to simplify the burdensome procedure of normal estate administration in cases where there is no probate estate and the liability insurer was the "real defendant," and to substitute the defendant *ad litem* for the formerly-required administrator. Section 537.021 provides the defendant *ad litem* shall serve "in the capacity of legal representative of the deceased wrongdoer." The deceased wrongdoer in this case resided in the City of St. Louis and had he not died as a result of this accident, suit

against him would have been proper in the City of St. Louis. § 508.010(2). Had the deceased wrongdoer died with a probate estate, venue would have been proper in the City of St. Louis. § 473.010.1(1), RSMo 1986. Contrary to respondent's assertions, this Court does not find the purpose of the venue statutes would be thwarted by a determination that venue properly lies in the City of St. Louis. Further, no legislative intent to deprive the relator of venue in the county where the deceased wrongdoer resided at the time of his death has been demonstrated.

This Court holds venue was proper in the City of St. Louis. Its preliminary writ in prohibition is quashed; its alternative writ of mandamus is made peremptory, and the cause is remanded for reinstatement of relator's petition and further proceedings.

All concur.