**Fred Lee MORRISON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41418.**

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Application to Transfer Denied Dec. 12, 1989.

Sean D. O'Brien, Public Defender, Lise Koenig, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

GAITAN, Presiding Judge.

Movant, Fred Lee Morrison, appeals the denial of his Rule 29.15 Motion Without Evidentiary Hearing. The movant alleges that the motion court erred in denying his motion because he was denied effective assistance of counsel in that counsel: (1) failed to file motions to suppress out-of-court and in-court identifications of movant; (2) failed to timely object to the prosecution's comments regarding movant's failure to volunteer exculpatory explanations during police interrogation; (3) failed to timely object to the prosecution's alleged deliberate distortion of evidence; (4) failed to object to the prosecution's alleged personalizing during closing arguments; (5) failed to timely object to the introduction of a gun into evidence which was not used in the crime; and (6) failed to timely object to the exclusion of black venirepersons from the jury panel. The judgment is affirmed.

After the trial by jury on April 23, 1987, the movant was found guilty of two counts of robbery in the first degree, in violation of § 569.020 RSMo, and two counts of armed criminal action in violation of § 571.015 RSMo. He was sentenced to consecutive terms of ten years on each at the robbery counts, and to concurrent terms of ten years for each of the armed criminal action counts. This Court affirmed the movant's convictions and sentences on direct appeal. *State v. Morrison*, 753 S.W.2d 23 (Mo.App. 1988).

On January 2, 1986 at approximately 11:00 p.m., two women were robbed of their purses, at gunpoint by two black males, while in a lighted parking garage on the Country Club Plaza in Kansas City, Missouri. Both victims made positive identifications of the movant at subsequent lineups. The movant provided an alibi defense, supported by four witnesses, who placed the movant at another location at the time of the robbery.

The movant filed a pro se post-conviction motion pursuant to Rule 29.15 on June 7, 1988. Movant's appointed counsel filed an amended motion on September 6, 1988. The motion was overruled without evidentiary hearing on October 7, 1988. Movant contends that the motion court erred in denying his Rule 29.15 Motion without hearing because the motion contained a sufficient factual basis to require an evidentiary hearing on the allegations of ineffective assistance of counsel.

The Court's review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *Jones v. State*, 760 S.W.2d 176, 177 (Mo.App.1988). The mo-

tion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Rule 29.15(g) provides that a hearing shall not be held if the files and records of the case conclusively show that the movant is entitled to no relief. "To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking relief must plead facts, not conclusions, which if true would warrant relief; and the matter complained of must have resulted in prejudice to the prisoner." *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987).

■ To prevail on a claim of ineffective assistance of counsel, a Rule 29.15 movant must show that his attorney's performance fell below the standard of care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances, and that the movant was prejudiced by such deficient performance. *Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). There is a strong presumption that counsel's conduct and actions may be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065. In reviewing such claims the determination need not focus on whether the trial counsel's performance was deficient prior to examining the prejudice prong. *Id.* at 697, 104 S.Ct. at 2069; *Guinan v. State*, 769 S.W.2d 427, 428 (Mo. banc 1989).

### I.

■ In his first point, movant contends that he was denied effective assistance of counsel in that trial counsel failed to file motions to suppress or object to out-of-court and in-court identifications of movant.

On the night of January 2, 1986, the victims gave to the police, the following description of the robber who brandished a gun: black male, twenty to twenty-one years of age, slim build, with a mustache and flat nose. A few days after the robbery, the victims observed a lineup which did not include movant. Both women stated that their assailant was not a participant in the lineup. On January 22, 1986, a police officer showed one of the victims, Betty Hayes, a photo array that included movant's photograph. The photo array was comprised of black males, with mustaches and flat noses. Miss Hayes tentatively identified the movant as the man who robbed her. Movant Morrison was arrested on January 27, 1989. Waiving his *Miranda* rights and claiming to know nothing of the robbery, movant requested to participate in a lineup. The following day, police conducted a lineup composed of movant and two other black males who did not share in the same physical characteristics as the movant. Both women observed the lineup and identified appellant as one of the men who participated in the robbery. During trial, they identified movant, in court, as one of their assailants.

The movant argues that the lineup in which he participated was impermissibly suggestive and thereby undermined the reliability of the in-court identification. We find no merit to this argument.

The movant bases his allegation that the lineup was impermissibly suggestive on the fact that the other two participants did not physically resemble movant and did not fit the description of the robbery suspect. The analysis relied on to determine any prejudicial effect of a pretrial identification procedure is whether the procedure was so impermissibly suggestive as to create a very substantial likelihood of an irreparable misidentification at trial. *State v. Higgins*, 592 S.W.2d 151, 159 (Mo. banc 1979); *State v. Burns*, 671 S.W.2d 306, 310 (Mo.App.1984). This determination must be examined in light of the "totality of the circumstances."

■ There is no requirement that participants in a lineup share the same physical characteristics. *State v. Young*, 701 S.W.2d 490, 495 (Mo.App.1984). *See also State v. Kirk*, 636 S.W.2d 952, 954 (Mo. banc 1982); *State v. Greer*, 609 S.W.2d 423,

435 (Mo.App.1981). Additionally, a lineup is not improperly suggestive when only one of the participant's picture has been shown to the witness. *State v. Robinson*, 641 S.W.2d 423, 427 (Mo. banc 1982). It is therefore necessary to examine all facts surrounding the lineup. Both women had an opportunity to observe their assailant at the time of the robbery. The parking garage was lighted; the event lasted a minimum of three to four minutes. Following the incident, the victims gave to police a description of the perpetrator who held the gun. The description was specific enough to demonstrate reliability. The women testified that they got a good look at the assailant with the gun. Based on their observations they positively identified movant. The witnesses testified that the police made no attempt to influence them nor made any suggestive comments. The reliability of their identification is supported by the fact that the initial description each witness gave the police matched the movant's description, and that each positively asserted that their assailant was not a participant in the first lineup.

The record clearly indicates that the lineup procedure was proper, lacked suggestiveness, and caused no likelihood of irreparable misidentification. Both women's subsequent in-court identifications were not tainted and were reliable. Therefore both the out-of-court and in-court identifications were admissible evidence. Defense counsel has no duty to object to the introduction of evidence which the law considers admissible, and a failure to object is not a basis for establishing incompetency of trial counsel. *Miller v. State*, 760 S.W.2d 166, 169 (Mo. App.1988). The movant fails to demonstrate that trial counsel's failure to file motions to suppress or to object to the identifications prejudiced his case or altered its outcome. Additionally, the record indicates that movant's trial counsel made vigorous and competent cross-examinations regarding the identifications. As movant offered an alibi defense, misidentification was not the only basis for his defense. The record indicates that trial counsel's actions were a matter of sound trial strategy, and movant fails to provide this Court with evidence that the findings of the motion court were clearly erroneous. Movant's first point is denied.

## II.

■ Next, movant contends that trial counsel failed to properly object to the prosecutor's comments, during cross-examination and closing arguments, regarding movant's failure to volunteer exculpatory explanations for his whereabouts on the night of the robbery.

Movant was arrested on January 27, 1986. Advised of his *Miranda* rights, movant voluntarily waived his right to remain silent and signed a waiver form. Questioned about the robbery by police, movant Morrison stated that he knew nothing about the robbery and denied being in the area, although police indicated that a witness identified him as being in the vicinity of the incident. Additionally, when asked where he was that night, movant told police that he did not recall either what he did or who he was with, and refused to provide police with the name of his girlfriend. At trial, movant provided a detailed account of his whereabouts on the night in question, claiming to have spent the evening with his girlfriend and a friend.

■ The due process clause of the Fourteenth Amendment prohibits impeachment on the basis of defendant's silence following *Miranda* warnings. *Doyle v. Ohio*, 426 U.S. 610, 618–19, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). But the principle outlined in *Doyle*

> does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all.

*Anderson v. Charles*, 447 U.S. 404, 408, 100 S.Ct. 2180, 2182, 65 L.Ed.2d 222 (1980); *State v. Antwine*, 743 S.W.2d 51, 68 (Mo. banc 1987).

Movant argues that *Anderson* contemplates something more as a prior inconsistent statement than merely a statement of "I don't recall." We disagree. In *Anderson*, the defendant provided a statement to police regarding a stolen vehicle, then gave a different version at trial. The Court found that the prosecution's cross-examination regarding these inconsistent statements did not violate the Fourteenth or Fifth Amendments. "Each of two inconsistent descriptions of events may be said to involve 'silence' insofar as it omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of 'silence ...'" *Anderson v. Charles*, 447 U.S. at 409, 100 S.Ct. at 2182.

The case at bar is analogous to *Anderson*. The movant voluntarily answered police questions. He stated that he could not recall where he was or who he was with on the night of the robbery. Yet at trial, movant gave a detailed account of his whereabouts. Movant's failure to provide an exculpatory explanation did not rest on his *Miranda* right, which he voluntarily waived, but rather was an omission in his statement. "[H]aving elected to make a statement to the police, a defendant who remained 'selectively silent' may be impeached by omissions in that statement." *State v. Antwine*, 743 S.W.2d at 70, *citing State v. Trice*, 575 S.W.2d 739, 742 (Mo. App.1979).

Additionally this Court held in *State v. Carter*, 627 S.W.2d 656, 658 (Mo.App.1981) that when a defendant takes the stand and denies that he committed the crime for which he is being tried, he introduces the question of his whereabouts at the time the crime was being committed. The issue is subject to being developed in detail by the State on cross-examination. This Court finds that the prosecutor's cross-examination was proper impeachment. The movant suffered no prejudice by trial counsel's failure to object.

During closing arguments, the prosecution made reference to movant's failure to provide police his alibi when first questioned. Counsel may comment on matters in evidence and draw inferences from such evidence during closing arguments. *State v. Klaus*, 730 S.W.2d 571, 579 (Mo.App. 1987). Movant's challenge to the closing remarks of the prosecution fail for the same reasons as stated regarding cross-examination.

### III.

■ In his third point, movant argues that trial counsel failed to object to the prosecution's alleged deliberate distortion of evidence during cross-examination and closing arguments. Movant's argument is based on the following question, asked movant, during the prosecution's cross-examination:

And you distinctly remember that you and Tim Byrd—you and Dona drove your car to *the Seville, the Swansons' parking lot, the Seville parking lot,* and he followed you, you distinctly remember that?

(Emphasis added). The robbery took place in the Swansons' parking garage. Movant previously testified that he had parked his automobile in the parking lot near the Bristol Bar and Grill, and that he was "no where near the Swansons' parking lot." A security guard, who testified for the prosecution, stated that he observed movant's automobile in the Seville parking lot between 11:00 p.m. and 1:30 a.m. on the night of the robbery. A witness for movant, Tim Byrd, also stated that movant Morrison's automobile was parked in the lot by the Bristol.

Movant contends that the prosecutor made an improper comment on facts not in evidence in order to place in the jury's mind the erroneous idea that, on the night of the robbery, movant's car was parked in the garage where the robbery took place. We disagree.

Betty Hayes, a victim of the robbery, testified that she was parked on the second level of the parking garage when she was robbed. Both women testified that following the robbery, the two robbers walked down the stairs. We recognize that a prosecutor may not express an opinion implying awareness of facts not available to the

jury. *State v. Moore,* 428 S.W.2d 563, 565 (Mo.1968); *Thomas v. State,* 766 S.W.2d 720, 722 (Mo.App.1989). However the decision of whether to object is generally left to the judgment of the trial counsel. In order to establish ineffective assistance of counsel, the movant must demonstrate that trial counsel's failure to object resulted in substantial deprivation of movant's right to a fair trial. *Stuckey v. State,* 756 S.W.2d 587, 589 (Mo.App.1988). Even if the question was objectionable, mere failure to object to objectionable evidence does not establish ineffective assistance of counsel. *Tygart v. State,* 741 S.W.2d 830, 832 (Mo. App.1987). The record indicates evidence sufficient to support appellant's conviction. Therefore we do not find that movant's failure to object deprived movant a fair trial.

■ Movant also contends that the prosecution improperly referred to movant's automobile being parked one level below the floor where the robbery took place during closing argument. As noted, the victims testified that the two robbers fled down the stairs of the parking garage. It is true that counsel should refrain from arguing matters not in evidence. *Kenley v. State,* 759 S.W.2d 340, 354 (Mo.App. 1988). However a prosecutor has a right to draw any inference from the evidence which he believes in good faith to be justified. *State v. Ward,* 745 S.W.2d 666, 672 (Mo. banc 1988). There was evidence that the perpetrators of the crime fled to the floor below. The prosecutor may draw a reasonable inference from such evidence. Additionally there is no evidence that the prosecution acted deliberately or in bad faith. Therefore, we find no manifest injustice resulting from the prosecution's closing argument regarding movant's automobile. Point denied.

### IV.

■ Next, movant contends that trial counsel failed to object to the prosecutor improperly personalizing his comments during closing argument. Movant premises this contention on remarks referring to the jury as the conscience of the community,

the prosecution's frustration when robberies occur in the city, and that the police department did its job in picking up the individual identified in the photo array. "A prosecuting attorney is not allowed to personalize his argument to the jury." *State v. Mallory,* 747 S.W.2d 209, 211 (Mo.App. 1988), *citing, State v. Raspberry,* 452 S.W.2d 169 (Mo.1970). However, a prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty. *Kenley v. State,* 759 S.W.2d at 354; *see also State v. Clemmons,* 753 S.W.2d 901, 909 (Mo. banc 1988), *cert. denied,* — U.S. —, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988); *State v. Walls,* 744 S.W.2d 791, 798 (Mo. banc 1988), *cert. denied,* — U.S. —, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988).

The prosecutor's comments did not suggest personal fear of or personal hostility toward the defendant. *See State v. Heinrich,* 492 S.W.2d 109, 114 (Mo.App.1973); *State v. Raspberry,* 452 S.W.2d at 172. Therefore, the comments were not "so egregious as to substantially deprive movant of his right to a fair trial." *Tygart v. State,* 741 S.W.2d at 834–35. In light of the evidence against movant, we fail to find that he was unduly prejudiced by trial counsel's failure to object. Movant's fourth point is denied.

### V.

■ In movant's fifth point, he argues that trial counsel was ineffective in failing to object to the introduction of a gun into evidence, which was not used in the commission of the crime. On direct appeal this Court found that a model or replica of an item is admissible providing it fairly represents the actual and otherwise unavailable item, is relevant to a material issue, and is offered for demonstration. *State v. Morrison,* 753 S.W.2d 23 (Mo.App.1988), *citing, State v. Woods,* 637 S.W.2d 113, 117 (Mo. App.1982). Whereas we have previously found the introduction of the gun admissible, trial counsel had no duty to object to the introduction of admissible evidence. *Miller v. State,* 760 S.W.2d at 169 (Mo.App. 1988). Movant's point is denied.

## VI.

In movant's final point he contends that the motion court erred in not granting an evidentiary hearing in that trial counsel failed to object to the systematic exclusion of blacks from the jury panel.

Movant alleges that the prosecution used fifty percent of its peremptory challenges against blacks on the jury panel. Movant fails to provide this Court with evidence sufficient to find that trial counsel had facts adequate to establish a prima facie case of purposeful discrimination. *Smith v. State,* 768 S.W.2d 604 (Mo.App.1989); *Felton v. State,* 753 S.W.2d 34, 35 (Mo.App. 1988). *See also, Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Whereas appellant fails to allege facts warranting relief, or show that he was prejudiced by trial counsel's failure to object, we find that the motion court was not clearly erroneous in its findings and conclusions. Point denied.

The judgment of the trial court is affirmed.

All concur.