50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Freddie Lee MORRISON, Appellant,
v.
William L. WEBSTER, Attorney General for the State of
Missouri; Jim Jones, Appellees.
 No. 94-2620.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 15, 1995.
Filed: Mar. 20, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Freddie Lee Morrison appeals the district court's[1] denial of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 Around 11:00 p.m. on January 2, 1986, two women were robbed of their purses at gunpoint by two black males, while in a lighted parking garage on the Country Club Plaza in Kansas City, Missouri. The victims made pretrial lineup and in-court identifications of Morrison as one of the robbers. After two mistrials, Morrison was convicted in a third jury trial on two counts of first degree robbery and two counts of armed criminal action, and was sentenced to a total prison term of twenty years. Morrison v. State, 779 S.W.2d 677, 679 (Mo. Ct. App. 1989). Morrison's conviction and sentence were summarily affirmed on direct appeal. State v. Morrison, 753 S.W.2d 23, 23-24 (Mo. Ct. App. 1988) (per curiam).
 
 
 3
 In unsuccessful state postconviction proceedings, Morrison asserted that the lineup was impermissibly suggestive, that the in- court identifications were thus unreliable, and that his trial counsel was ineffective for failing to object to or move to suppress the out-of-court and in-court identifications. Morrison v. State, 779 S.W.2d at 679. Morrison then filed this section 2254 petition, making the same argument. The district court held an evidentiary hearing, at which one of Morrison's defense attorneys testified that defense counsel had unsuccessfully tried to exclude the identification evidence in the first two trials, and made a strategic decision in the third trial to downplay the identification evidence and instead focus on Morrison's good character. The district court denied Morrison's petition.
 
 
 4
 We review Morrison's ineffective-assistance claim de novo, although the underlying state court findings of fact are presumed correct under 28 U.S.C. Sec. 2254(d). See Strickland v. Washington, 466 U.S. 668, 687, 698 (1984). Here, whether counsel was ineffective depends on a determination of the admissibility of the identification evidence. Morrison had to show that the pretrial lineup was impermissibly suggestive and that, under the totality of the circumstances, the suggestive procedure created a very substantial likelihood of irreparable misidentification. See Trevino v. Dahm, 2 F.3d 829, 833 (8th Cir. 1993) (citing Manson v. Brathwaite, 432 U.S. 98, 109-14 (1977)). The central question is whether the witnesses' identifications were reliable, despite any suggestive or inappropriate pretrial identification techniques. See Trevino, 2 F.3d at 833. Factors considered include: the opportunity a witness had to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of the witness's prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. Id.
 
 
 5
 Even if we were to assume the pretrial procedure was suggestive, the totality of the circumstances shows that it did not create a very substantial risk of misidentification, and the identifications were reliable. The witnesses had ample opportunity to view the criminal at the time of the crime, as the state court found that the robbery lasted three to four minutes in a lighted garage. See United States v. Donahue, 948 F.2d 438, 441 (8th Cir. 1991) (witness bank teller saw defendant's face through nylon stocking for more than one minute at distance of several feet). Nothing suggests that the witnesses had a low degree of attention; the witnesses testified that they got a good look at the armed assailant, whom they later identified as Morrison. While the witnesses' descriptions of their assailant were not extremely detailed, Morrison does not assert they were inaccurate. See United States v. Murdock, 928 F.2d 293, 297 (8th Cir. 1991) (under totality of circumstances, fact that some of witnesses' descriptions were not extremely detailed or accurate did not render identifications unreliable). The witnesses demonstrated a high level of certainty in their identification of Morrison at the lineup, and they did not identify their assailant at an earlier lineup that did not include Morrison. See Salam v. Lockhart, 874 F.2d 525, 529 (8th Cir.) (fact that victims did not identify perpetrator in lineup from which defendant was absent shows decreased chance of misidentification), cert. denied, 493 U.S. 898 (1989). Finally, the length of time between the crime and the lineup-twenty-six days-was not overly long. Cf. United States v. Rundell, 858 F.2d 425, 426-27 (8th Cir. 1988) (eight-month delay between robbery and in-court confrontation, without any pretrial identification procedure, while negatively affecting reliability, did not alone make in-court identification inadmissible). Therefore, the identification evidence was admissible, and counsel cannot be considered ineffective for failing to challenge admissible evidence.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri