STATE of Missouri, ex rel.,
ETTER, INC., Relator,

v.

**Honorable Margaret M. NEILL, Judge of the Circuit Court of the City of St. Louis, Missouri, Division 1, Respondent.**

**No. ED 80150.**

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

Feb. 5, 2002.

A. Stephen Pernoud, Elizabeth A. Finkelstein, St. Louis, MO, for appellant.

John S. Wallach, Michael A. Gross, St. Louis, MO, for respondent.

Thomas J. Noonan, Daniel T. Dalton, St. Louis, MO, for defendant.

LAWRENCE E. MOONEY, Presiding Judge.

Relator, Etter, Inc., filed a petition for a writ of prohibition to require respondent to transfer venue. We issued a preliminary order. Because we find no grounds for St. Louis City venue based merely on the residence of a defendant ad litem and no waiver of venue, the preliminary order in prohibition is made absolute, thus requiring transfer.

In 2001, plaintiffs brought the underlying dram-shop action against two St. Louis County bar-owners. In their suit, they claim the St. Louis County bars served drinks to an obviously drunk patron who then assaulted plaintiff husband. Plaintiff husband seeks recompense from the bar-owners for his injuries, plaintiff wife for her loss of consortium. The two bar-owners are both corporations; one of the corporations, Etter, Inc., has been administratively dissolved. To assert their claim and achieve service of process against Etter, plaintiffs petitioned that the court appoint Randall S. Parker, a resident of St. Louis City, as defendant ad litem. Though filed in St. Louis City, Plaintiffs' petition makes no claim that their cause of action accrued in the city, or that either corporation ever maintained an office or agent in the city for transaction of their usual and customary businesses. Rather, the sole allegation in the petition that might provide some nexus to the city is the allegation that the defendant ad litem is a city resident.

The bar-owners moved to transfer venue from the city, claiming that the residence of the defendant ad litem provided no basis for city venue. Respondent judge denied the transfer. In denying the transfer, respondent did not find that the defendant ad litem's residence provided a basis for city venue. Rather, she found that bar-owners had failed to adduce evidence that Etter, the dissolved corporation, had ceased doing business or that it did not maintain an office or agent in the city for its usual and customary business. Etter then asked for reconsideration and provided respondent with an affidavit that indeed, at the time of the suit's filing, it had ceased doing business and that further, it had never maintained an office or agent in the city for the transaction of its business. Respondent again denied transfer. And again, she did not make any finding that a basis for city venue existed. Rather, she now held that there was no basis for a motion to reconsider her prior ruling, and that Etter had waived the issue by failing to adduce the evidence at the earlier hearing. Relator Etter seeks our writ of prohibition compelling transfer of venue.

### ANALYSIS

■ We find no basis for city venue based merely on the residence of the defendant ad litem. "Venue in Missouri is determined solely by statute." *State ex*

*rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). "Venue is within the province of the legislature" and courts called upon to adjudicate venue challenges "must be guided by what the legislature says." *Willman v. McMillen,* 779 S.W.2d 583, 585–86 (Mo. banc 1989). "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). There is no room for construction where a statute's language is clear and unambiguous. *Id.*

■ Section 508.040 RSMo 2000 is the corporate venue statute and applies where all defendants are corporations.[1] *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 114–15 (Mo. banc 1978) (corrected 606 S.W.2d 176, (Mo. banc 1980)); *State ex rel. Baker v. Goodman,* 364 Mo. 1202, 274 S.W.2d 293, 297 (1954). It applies even if the defendant corporation is dissolved. See *State ex rel. Bunker Resource v. Dierker,* 955 S.W.2d 931, 933 (Mo. banc 1997). Thus, venue in this case is governed by section 508.040. Under this section, venue is proper "in the county where the cause of action accrued . . . or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." Section 508.040. The language of section 508.040 is clear and unambiguous

■ It is well established that the residence of a defendant ad litem does not control for venue purposes. *State ex rel. Hune v. Ryan,* 771 S.W.2d 831, 832–33 (Mo. banc 1989); *Barr v. Plastic Surgery Consultants, Ltd.,* 760 S.W.2d 585, 591 (Mo.App. E.D.1988); *State ex rel. Gannon*

*v. Gaertner,* 592 S.W.2d 214, 216 (Mo.App. 1979); *State ex rel. Picker v. Gaertner,* 599 S.W.2d 45, 46 (Mo.App. E.D.1980). As in other circumstances, the defendant ad litem is merely a nominal defendant, and has no personal interest in or liability for the litigation. See *Picker,* 599 S.W.2d at 46; *Gannon,* 592 S.W.2d at 216.

■ "The purpose of the venue statutes is to provide a convenient, logical and orderly forum for litigation." *Rothermich,* 816 S.W.2d. at 196. As explained in *Gannon,* that purpose would be thwarted if plaintiffs could create venue of their choice by selecting a defendant ad litem who resides in a forum utterly foreign to the parties and their cause of action. *Gannon,* 592 S.W.2d at 216. Were we to uphold plaintiffs' attempt to establish city venue merely by virtue of the defendant ad litem's residence, then by the same token plaintiffs could establish venue in any one of the other counties of Missouri. *Id.* As in *Gannon,* we decline to adopt such an incongruous conclusion or to allow such forum shopping. *Id.* Accordingly, venue in this case cannot be based on the defendant ad litem's city residence.

■ Nor can we find any fault with relator's challenge to venue. It is true that the party challenging venue bears the burden of persuasion and proof, if proof is necessary, that venue is improper. *Coale v. Grady Brothers Siding and Remodeling, Inc.,* 865 S.W.2d 887, 889 (Mo.App. S.D.1993); *Pierce v. Pierce,* 621 S.W.2d 530, 531 (Mo.App.1981). There is some authority in Missouri that the plaintiff is not required to plead venue. *Wood v. Wood,* 716 S.W.2d 491, 494 (Mo.App. S.D. 1986). In that case, our colleagues in the Southern District held a petition was not defective despite the failure to plead venue. As their sole authority, they cited J.

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

Devine, Missouri Civil Pleading and Practice, sections 11–14 (1986). However, it is also true that Rule 51.045 requires a motion to transfer venue be filed within the time allowed for a responsive pleading or venue is waived by operation of that rule and Rule 55.27(g). Clearly such rules anticipate that a basis for venue will be pleaded, as indeed it was here. When a basis for venue is pleaded, we can hardly fault relator for adducing evidence in opposition to the pleaded basis. Relator correctly, and timely, challenged venue predicated on the basis of the defendant ad litem's residence. Respondent would fault relator for not disproving all possible bases for venue, whether pleaded or not. While relator bore the burden of persuasion and proof, it does not need to disprove bases for venue that were never pleaded to meet those burdens. Nor do we find any reason to disallow relator's supplementation of the record where respondent seeks to uphold venue on a basis that was never pleaded.

■■■■■ "Prohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of Revenue, State of Mo. v. Gaertner,* 32 S.W.3d 564, 566 (Mo.2000). "Prohibition is a 'proper proceeding to test whether a judge is acting in excess of his jurisdiction because of improper venue.'" *State ex rel. Reedcraft Manufacturing, Inc. v. Kays,* 967 S.W.2d 703, 704 (Mo.App. S.D.1998)(*quoting State ex rel. Missouri Prop. & Cas. Ins. Gty. Ass'n v. Brown,* 900 S.W.2d 268, 271 (Mo.App.1995)); *State ex rel. Drake Publishers, Inc. v. Baker,* 859 S.W.2d 201, 203 (Mo.App. E.D.1993). If venue is improper where an action is brought, prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue. *Drake Publishers,* 859 S.W.2d at 203; *Reedcraft Manufacturing,* 967 S.W.2d at 704. A preliminary rule in prohibition will be made absolute only where there is a clear excess of jurisdiction. *State ex rel. Amoco Oil Co. v. Ely,* 992 S.W.2d 915, 916 (Mo.App. W.D.1999). Because no basis for city venue exists and no waiver of venue occurred, we make absolute our preliminary order in prohibition that respondent refrain from all action except transfer of the underlying cause to a proper venue.

PAUL J. SIMON, J., and MARY R. RUSSELL, J., concur.