STATE of Missouri, Respondent,

v.

Bobbie WILLIAMS, Appellant.

No. 46395.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for appellant.

Frank A. Anzalone, Public Defender, Robert Jackson Maurer, Asst. Public Defender, Clayton, for respondent.

CRANDALL, Judge.

Defendant appeals from his conviction in a jury trial of burglary in the second degree. § 569.170, RSMo (1978). He was found to be a persistent offender, § 558.-016, RSMo (1978), and sentenced by the court to a term of ten years' imprisonment. We affirm.

The burglary occurred on November 12, 1981, in the City of Ladue, Missouri. The address where it occurred contains at least two houses situated on twenty-eight acres of land. There is a large main house and a smaller carriage or gatehouse, which is the house that was burglarized. At 10:50 a.m. that day a gardener, who was working outside the main house, heard glass shattering. He went to the gatehouse to investigate and found the door open, a window on the door broken, and an unfamiliar car in the driveway. He returned to the main house and told the owner to call the police. He then moved his car into the driveway in an attempt to block the other car's exit. As he was doing this, he saw appellant run out of the gatehouse to the car in the driveway. As appellant reached the driver's door he stopped, looked up, and stared at the gardener for about five seconds. Appellant then got into his car and started driving, forcing the gardener to move his own car out of the way. The gardener was able to observe appellant for a total of about seven to ten seconds and was able to identify the car, which carried personalized license plates "ZINA–1."

Officers from the Ladue Police Department arrived soon thereafter. The gardener described the person he had seen, as well as the car and the license plates. The plates were identified through the Department of Revenue as having been issued to appellant's wife and were registered at an address in University City. The Ladue police notified the University City police, who went to that address and found the car. A short time later they stopped appellant as he approached the car with his children. The University City police notified the Ladue police that appellant had been stopped. A Ladue police officer then drove the gardener to that address where he identified appellant as the person he had seen. Appellant was then arrested and taken to the University City police station where he confessed.

Appellant testified in his behalf and denied any involvement in the burglary.

█ Appellant's first point alleges that the trial court erred in allowing two police officers to testify regarding the gardener's identification of appellant. The point has been properly preserved as to only one of the officers. Detective Marquard of the University City police testified over objection at trial; however, this objection was not preserved in appellant's motion for new trial. Any error arising out of his testimony has therefore been waived. Rule 29.-11(d).

█ The other officer, Detective Hufford of the Ladue police, also testified over objection at trial and this point has been properly preserved. We need not, however, determine whether there was any error in allowing him to testify. Assuming *arguendo* Detective Hufford's testimony was inadmissible, appellant could not have been prejudiced by it because it was merely cumulative to other testimony. In addition to Marguard and Hufford, Officer Cronin, the Ladue police officer who drove the gardener to University City, also testified to the identification. There was no objection to Cronin's testimony at trial nor is it addressed on appeal. "Defendant cannot complain of the receipt of evidence where evidence of the same tenor ... has been admitted without objection." *State v. Williams,* 566 S.W.2d 841, 844 (Mo.App.1978); *State v. Eiland,* 534 S.W.2d 814, 816–17 (Mo.App.1976). Here, two witnesses testi-

fied to the identification prior to Hufford, and the testimony of neither is properly presented for our review. Thus, Hufford's testimony is merely cumulative and not prejudicial. Appellant's first point is therefore denied.

Appellant's second point alleges that the court erred in not granting his motion for a mistrial. The incident giving rise to this alleged error occurred during the testimony of Officer Hufford. Hufford testified that after appellant was taken to the police station he was read his rights and agreed to talk. This question and answer follow:

Q. [By the Prosecutor] And what did you say to him at that time?

A. Well, I asked him where he had been this morning. And he stated that he had been out visiting his wife in the hospital and his parole officer.

Thereupon defense counsel interrupted and both sides argued the propriety of this answer at the bench. No formal objection was made. Defense counsel contended that the statement impermissibly informed the jury of defendant's prior criminal convictions. The prosecutor argued that the statement was admissible as an admission and as a false alibi tending to show consciousness of guilt. The court reserved ruling until the next morning. No motions for a mistrial or to strike the answer were made nor was a curative instruction requested. Hufford was the last witness of the day. When court reconvened the next morning, the judge declared that "the motion for a mistrial previously made by defense counsel for statements made by the police officer with reference to statements made by the defendant to the police officer, that that motion is overruled and denied." The court then inquired if counsel had any comment for the record and both replied in the negative. No request for a curative instruction or a motion to strike the answer were ever made.

■ In our review of the point, we note first that there was never a ruling on the admissibility of Hufford's answer nor was there even a formal objection made. The point has therefore not been properly

presented. "In order to preserve an allegation of error proper objection must be promptly made and there must be an adverse ruling." *State v. Holland,* 530 S.W.2d 730, 733 (Mo.App.1975). If the objectionable nature of the answer is not apparent until it has already been given, the proper means of reaching the error is by a motion to strike. *State v. Woolford,* 545 S.W.2d 367, 372 (Mo.App.1976). Because this was not done, we review this as plain error. Rule 30.20.

■ A mistrial is a drastic remedy, the granting of which is vested in the sound discretion of the trial court, which is the best position to determine what, if any, impact the statement had on the jury. *State v. Morris,* 639 S.W.2d 589, 593 (Mo. banc 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1348, 75 L.Ed.2d 795 (1983). Assuming Hufford's answer was improper, the record fails to show that it was plain error for the court to decline to exercise its discretion. Plain error is not to be used to review every trial error that is not preserved for appellate review, but only those errors that so substantially affect the rights of the accused that a manifest or injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983). The record fails to show that the error, if any, rises to this level. Appellant's second point is therefore denied.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.