STATE of Missouri, Respondent,

v.

Samuel CLARK, Appellant.

No. 53468.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 13, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Stormy Barton White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Samuel Clark, appeals his conviction by a jury in the Circuit Court of St. Louis County on March 25, 1987, of one count of first degree robbery, in violation of RSMo § 569.020 (1986). He was sentenced on March 27, 1987, as a persistent offender to life imprisonment, such sentence to be served consecutively to another sentence imposed on March 27, 1987, in St. Louis County and also consecutively to a sentence imposed on December 12, 1986, in the City of St. Louis for kidnapping, armed criminal action and sodomy. Defendant's sole point on appeal is that the prosecutor's comments during closing argument were improper in that they allegedly constituted references to defendant's failure to testify at trial. Finding defendant's contention to be without merit, we affirm.

The evidence reveals that on December 2, 1985, defendant entered Imported Motors Limited, of which business Stephen Lalumandier was proprietor and where defendant occasionally worked. Defendant asked Mr. Lalumandier whether he wished to know the identity of the person who had burglarized the business two days earlier and if Mr. Lalumandier was interested in buying back the stolen goods. At that point, Mr. Lalumandier accused defendant of the burglary. Defendant responded by pulling out a gun and demanding money from Mr. Lalumandier; Mr. Lalumandier gave defendant his wallet containing approximately $50.00.

At trial, as Mr. Lalumandier was being cross-examined by defendant's attorney, defendant stated in the presence of the jury that he was in police custody on an unrelated matter at the time of the crime at issue here. A police officer from the records identification division of the St. Louis police department later testified defendant was in police custody only once during 1985 and that sole arrest took place on December 3, 1985. The prosecutor informed the court and defense counsel that he intended to comment on defendant's alibi statement during closing argument. At that time, defense counsel did not object to this intention.

During the initial portion of the State's closing argument, the prosecutor made the following comments:

You heard the records clerk testify. That man has a record of every arrest of Mr. Clark, not just in the seventh district, but in the whole city. He said that was it—That Mr. Clark was not in custody the 1st or 2nd. So he was lying to you, jurors—He was trying to con you.

You can certainly infer something from that. Apparently that his alibi that he was in jail in St. Louis City, that just isn't true. You can consider that. That's an indication of consciousness of guilt.

But, i[n] any case, he realizes he is guilty. Otherwise, he wouldn't have blurted that out in court and have it blown up in his face. That's why Mr. Walker [defendant's counsel] didn't bring in that evidence—Not becuase he is a bad lawyer, but he couldn't—

[Defense counsel]: I object to what my options were.

The Court: Overruled.

Later, during the rebuttal phase of the State's closing argument, the prosecutor argued as follows:

The man who didn't follow the rules is the defendant in this case. By blurting out in the courtroom, apparently, his alibi. And it's kind of interesting we didn't hear Mr. Walker say too much about that in his closing argument. What about the false alibi? Does that sound like an innocent man? To lie to you and try to convince you outside the rules of evidence he was in St. Louis police custody when this happened, when he wasn't. If

he has an alibi why wasn't it here in court?

[Defense counsel]: I object. May we approach the bench?

The Court: All right.

(The following was at the bench, outside the hearing of the jury):

[Defense counsel]: Your honor, I believe by [the prosecutor's] comments he has commented on the failure of the defendant to testify. I move for a mistrial at this time.

The Court: I will overrule it.

(The following was in open court, within the hearing of the jury):

The Court: The last objection is overruled.

■ Initially, this court observes that the trial court is vested with broad discretion in controlling closing argument, *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), and that wide latitude is accorded counsel in his summation. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). The appellate court will reverse a conviction on the basis of improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination. *State v. Newlon*, 627 S.W.2d at 616.

■ Defendant maintains that his privilege against self-incrimination was violated by the prosecutor's comments, quoted above, which were made during closing argument. This privilege may be waived, as when a defendant voluntarily elects to testify under oath. *Raffel v. United States*, 271 U.S. 494, 496, 46 S.Ct. 566, 567, 70 L.Ed. 1054 (1926). And, authority has held that such a waiver may occur when a defendant testifies though not under oath. *Redfield v. United States*, 315 F.2d 76, 80 (9th Cir.1963). The Supreme Court of Mississippi states that when a defendant, arguing *pro se*, clearly goes beyond the evidence in the record on a material point, the unsworn testimony constitutes at least a partial waiver of his immunity from self-incrimination and, thus, of the prohibition against a prosecutor commenting on a de-

fendant's failure to take the stand. *Jones v. State*, 381 So.2d 983, 993–94 (Miss.1980), *cert. denied* 449 U.S. 1003, 101 S.Ct. 543, 66 L.Ed.2d 300 (1980). We believe that defendant's statement in the case before us constituted a waiver of the privilege against self-incrimination; any prosecutorial comment as to defendant's failure to testify so as to support the statement was clearly permissible. Nevertheless, we set forth *arguendo* the following discussion, which assumes that defendant did not waive the privilege against self-incrimination.

■ We first examine defendant's attack on the prosecutor's comments during the initial phase of closing argument; defendant alleges the statements were comments on his failure to testify at trial. At the outset, this court recognizes that defense counsel objected to these comments by stating "I object to *what my options were.*" (emphasis added). Now, on appeal, defendant contends that the prosecutor's argument constituted an improper comment upon his right not to testify. A litigant is not permitted to broaden the objection which he presented to the trial court; he may not rely on a theory which is different than the one offered at trial. *State v. Quick*, 639 S.W.2d 880, 883 (Mo.App., W.D. 1982).

Thus, defendant's challenge to this portion of the prosecutor's argument is subject to review under the plain error doctrine. Rule 29.12(b). Under this standard of review, the appellate court examines whether the error complained of impacted so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if the error is left uncorrected. *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc 1986), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed. 2d 301 (1986). And, it is the defendant's burden to demonstrate that the trial court's action resulted in such manifest injustice or a miscarriage of justice. *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983).

■ The law is well-settled that a prosecutor is prohibited from adversely com-

menting on a defendant's failure to testify. *State v. Arnold,* 628 S.W.2d 665, 668 (Mo. 1982). A "direct and certain" reference to a defendant's failure to testify constitutes reversible error. *Id.* The key words of this proscription on the prosecutor's comments during closing argument are "accused" and "testify." *State v. Frankoviglia,* 514 S.W.2d 536, 541 (Mo.1974). For, crucial to a determination of whether the prosecutor made a direct and certain reference to a defendant's failure to testify is the use of these words or their equivalent. *Arnold,* 628 S.W.2d at 668. *See also State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982).

 In the present case, the prosecutor did not utilize either the words "accused" and "testify" or their equivalent. Instead, the prosecutor argued that defendant had failed to offer any evidence to support his alibi defense. There is no general prohibition on prosecutorial comment as to the failure of a defendant to offer evidence. *State v. Sechrest,* 485 S.W.2d 96, 98 (Mo.1972). The restriction on comment as to a defendant's failure to testify is circumscribed; the proscription applies only if there is a "direct, nonambiguous and unequivocal" comment by the prosecutor on the failure of a defendant to become a witness. *Frankoviglia,* 514 S.W.2d at 541. A distinction exists between a prosecutor's comment on a defendant's failure to testify and his comment on a defendant's failure to offer evidence. *See Robinson,* 641 S.W.2d at 423. The prosecutor's argument in the case before us was merely a comment on the fact that defendant had offered no evidence to support his alibi defense.

Thus, we conclude that this portion of the prosecutor's comment was not error and, thus, review under the plain error doctrine is not required. However, even under the plain error standard of review, this court discerns no manifest injustice resulting from the prosecutor's comments which were in response to defendant blurting out in open court an alibi defense as to which defendant offered no supportive evidence.

Next, an examination of the prosecutor's comments during the rebuttal portion of his argument is required. As to these comments, defense counsel did make a proper objection, stating that the argument made reference to defendant's failure to testify. However, following the analysis employed above as to the prosecutor's initial argument, the comments during rebuttal were directed at calling the jury's attention to the fact that defendant had offered no evidence to support his alibi defense. A reference to defense counsel's failure to put on evidence in support of defendant's alibi defense and to defendant's professed alibi defense as to which defendant offered no evidence is not error. *See State v. Inscore,* 592 S.W.2d 809, 813 (Mo. banc 1980).

The judgment of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.