**STATE of Missouri, Respondent,**

v.

**Samuel IVORY, Appellant.**

**Samuel IVORY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56966, 58984.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 9, 1991.

Brian N. Brown, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Chief Judge.

Defendant, Samuel Ivory, a black male, was convicted, after a jury trial, of possession of heroin. He was sentenced as a prior and persistent offender to imprisonment for 15 years. Thereafter, defendant filed a motion for post conviction relief under Rule 29.15, which was denied without an evidentiary hearing. Defendant appeals from his direct conviction and the denial of his motion for post conviction relief. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. Viewed in the light most favorable to the verdict, the evidence showed that defendant dropped a white bottle containing capsules of heroin in the presence of police officers. The officers recovered the bottle and took the defendant into custody.

On direct appeal, defendant claims the State violated his fourteenth amendment equal protection rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, defendant

claims that the trial court erred in finding the State's reasons for use of one of its six peremptory challenges were not pretextual. Defendant, while conceding that three of the four peremptory strikes used to strike black venirepersons were valid, asserts that striking the fourth black venireperson because her ex-son-in-law was a Chicago police officer was a pretext for striking the venireperson based on her race.

■ The State may not exercise its peremptory challenges solely based on race. *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987); *Powers v. Ohio*, — U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). The trial judge must assess the reason cited by the State in light of the entire voir dire to decide whether the State based its challenges on race. *Antwine*, 743 S.W.2d at 65. In making his decision, the judge may look at several factors including, but not limited to, the treatment of similarly situated members of another race, the racial make up of the jury that decided the case and whether all the State's peremptory challenges were used to strike members of the same race. *State v. Brown*, 747 S.W.2d 261, 264 (Mo.App.1988); *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. 1988). The trial judge's decision is to be given "great deference" and is not to be overturned unless it is clearly erroneous. *Antwine*, 743 S.W.2d at 66. Therefore, the trial court's decision can only be overturned if based on the entire record the appellate court is left with a definite and firm conviction that a mistake was made. *Id.*

■ Here, the State came forward with what the State alleged were race neutral reasons for each strike used against black venirepersons. The defendant concedes that three were legitimate. In challenging the fourth strike, defendant simply stated that an ex-son-in-law who is a police officer is not a "negative" without an affirmative statement by the venireperson showing some hostility toward the police. The State has no obligation to produce such a definite statement in the exercise of a peremptory challenge. The logical inference of hostility drawn between a mother and her ex-son-in-law is sufficient.

Defendant, who used his peremptory challenges to strike five white and one black venirepersons, did not offer proof of any similarly situated whites who remained on the jury.[1] In addition, the jury that convicted the defendant included three blacks, and the State did not use all its peremptory challenges to strike blacks. These factors undercut any inference of racial discrimination. *Griffin*, 756 S.W.2d at 482. The trial court's finding that the State's strikes were racially neutral is not clearly erroneous. Defendant's point is denied.

Defendant's next point concerns the denial of his Rule 29.15 motion. Defendant contends the motion court erred in failing to grant an evidentiary hearing on his Rule 29.15 motion that alleged, inter alia, that trial counsel was ineffective for failure to call a witness. Defendant claims the witness would testify that defendant did not throw or drop the bottle found by police at the time of his arrest. The motion court denied the motion without an evidentiary hearing.

■ An evidentiary hearing is not required provided "the files and records of the case conclusively show that the movant is entitled to no relief." Rule 29.15(g). To prevail on charge of ineffective counsel for failure to call a witness, the defendant must allege facts sufficient to establish (1) that the trial attorney knew of the witness; (2) that the witness could be located; and (3) the witness would testify. *Green v. State*, 792 S.W.2d 15 (Mo.App.1990). In addition, if defendant alleges sufficient facts, the defendant must show that the trial attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would use under the

---

1. While not under consideration in this appeal, it should be noted that *Powers*, which explained *Batson*, stated that a juror has the right not to be excluded from the jury based on race. *Powers* also held that a defendant, as a third party, has standing to raise that juror's right. Nothing in *Powers* indicates that the State may not raise the rights of jurors dismissed by the defendant based on race. *See Coyle*, Not the Last Word on Juries, 13 Nat.Law J. 41–1 (June 17, 1991).

same circumstances and that defendant was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987). Finally, under Rule 29.15(j) the appellate court may set aside the motion court's denial of an evidentiary hearing only if it is clearly erroneous.

In the present case, defendant, in his amended motion, stated that a witness was "willing and able to testify that [defendant] did not drop, throw or otherwise dispose [of] ... the Advil bottle containing five capsules of heroin." Nowhere did defendant allege that counsel was aware of the existence of this witness or that the witness could be located. Therefore, the motion court's finding that the allegation was conclusory based on the record was not clearly erroneous.

In addition, defendant was not prejudiced by counsel's failure to call the witness. The trial record reveals that two other witnesses testified that they did not see the defendant throw or drop a white bottle. The testimony of a third witness on the same issue would have been cumulative and failure to produce him did not constitute ineffective assistance of counsel. *State v. Fitzgerald,* 781 S.W.2d 174 (Mo. App.1989); *Johnson v. State,* 776 S.W.2d 456 (Mo.App.1989). Defendant's point is denied.

The judgment of the trial court on direct appeal and the judgment of the motion court on defendant's Rule 29.15 motion are affirmed.

SIMON and REINHARD, JJ., concur.