STATE of Missouri, Respondent,

v.

Nicholas McDOWELL, Appellant.

Nicholas McDOWELL,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59482, 61054.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 9, 1992.

Emily N. Blood, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Nicholas McDowell, appeals from his convictions, after a jury trial, for rape and sodomy. He was sentenced as a prior offender and a persistent sexual offender to imprisonment for two consecutive terms of 30 years. Defendant also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence shows that defendant raped and sodomized his fiance's twelve year old daughter.

Defendant first claims that the trial court erred in failing to declare a mistrial when, during testimony by a prosecution witness, a spectator shouted, "I'm going to get you! I'm going to kill you, man!" Defendant claims that the outburst denied him a fair trial and compelled the trial court to grant a mistrial. We disagree.

The grant of a mistrial is a drastic remedy which is vested in the sound discretion of the trial court. *State v. Williams,* 664 S.W.2d 226, 228 (Mo.App.1983). Here, the spectator yelled one statement that provided no inadmissible evidence. The spectator was immediately removed from the courtroom by the sheriff. The trial court was in the best position to determine what, if any, impact the incident had on the jury. *Id.* We defer to the exercise of the judge's discretion. Defendant's point is denied.

Defendant next alleges that the trial court erred in failing to quash the indictment, or, in the alternative, in failing to grant a stay of further proceedings. He argues that the trial court failed to comply with §§ 494.400 through 494.505 RSMo (Cum.Supp.1991), regarding the selection of grand and petit jurors. Defendant, a black male, 27 years of age, claims that both blacks and young persons are systematically excluded from serving as grand or petit jurors.

■ Defendant was tried on an information which was substituted for the indictment prior to trial. No challenge has been made to the information. By failing to challenge the information, defendant has rendered moot any possible error in the composition of the grand jury which returned the superseded indictment. *State v. Johnson*, 504 S.W.2d 23, 27 (Mo.1974).

■ In regard to defendant's challenge to the composition of the petit jury, a stay of all jury trials in the City of St. Louis was granted in another case upon an identical motion. Approximately two weeks before defendant's trial, the trial court adopted an administrative order issued by the St. Louis City Circuit Court which corrected the perceived deficiencies. Defendant presented no evidence that the new procedures were inadequate. Thus, the administrative order adopted by the trial court addressed defendant's concerns prior to defendant's trial.[1] Defendant's point is denied.

■ Finally, defendant argues that the motion court erred in denying his Rule 29.15 motion alleging ineffective assistance of counsel without an evidentiary hearing. To prevail on a claim of ineffective assistance of counsel, movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and that he was thereby prejudiced. *Leisure v. State*, 828 S.W.2d 872, at 874 (Mo. banc 1992). An evidentiary hearing is not required if the records in the case conclusively show that the movant is not entitled to relief. *State v. Ivory*, 813 S.W.2d 102, 104 (Mo.App.1991).

■ During closing arguments the prosecutor commented that "the State's evidence [against defendant] is uncontroverted, uncontested and undenied." Defendant argues that he was the only person who could have refuted the challenges and, therefore, the comments impermissibly referred to his failure to testify. Defendant further argues that defense counsel should have objected to the statement and his fail-

ure to do so resulted in prejudice to the defendant. We disagree.

■ "A 'direct and certain' reference to a defendant's failure to testify constitutes reversible error." *State v. Clark*, 759 S.W.2d 372, 375 (Mo.App.1988). However, a prosecutor may comment on defendant's failure to offer evidence. *Cook v. State*, 778 S.W.2d 262, 263 (Mo.App.1989). In distinguishing the two types of statements, the court should look to the use of the words "accused" and "testify" or their equivalents. *Clark*, 759 S.W.2d at 375.

Here, the prosecutor did not use language that referred to the accused or to his lack of testimony. Uncontroverted, uncontested and undenied are all general terms which simply refer to defendant's failure to produce evidence to controvert that put on by the State. Counsel cannot be ineffective for failing to make a nonmeritorious objection. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App.1985). Defendant's point is denied.

The judgment of the trial court on direct appeal is affirmed. The denial of defendant's Rule 29.15 motion is likewise affirmed.

CARL R. GAERTNER, C.J., and GRIMM, P.J., concur.

---

**1.** It should also be noted that the venire panel in defendant's case was 53 percent black. Defendant claims that only 37 percent of the persons eligible for service as jurors are black.