STATE of Missouri, Respondent,

v.

Keith MACON, Appellant.

No. 61186.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1993.

John Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for. respondent.

CRIST, Judge.

Defendant appeals his conviction for first degree murder and subsequent sentence to life imprisonment without the possibility of probation or parole. We affirm.

In the early morning hours of August 19, 1990, Defendant was returning to his apartment when his neighbor, Forrest Lee (Victim), asked him for assistance in moving a mattress. Defendant agreed to help the seventy-year-old Victim and entered his

apartment. As a reward for his assistance, Victim offered Defendant a beer which he accepted. Shortly after each sat in a chair and drank their beer, Victim asked Defendant what had happened to his wristwatch that had been on his coffee table. Victim, believing Defendant had taken the watch, ordered Defendant out of his apartment. Defendant retaliated by beating him to death.

 Defendant testified at trial and denied assaulting Victim and denied having made a statement to the police he had killed him. For his first point, Defendant asserts the following comments by the prosecutor in closing argument, arose to the level of *plain error* because they misstated the law and distorted the State's burden of proof:

Now, we have proved our case beyond a reasonable doubt. And you are going to have to determine who to believe. And to acquit this man, you are going to have to believe that those police are liars, that Miss Walls is lying, and that he's telling you the truth.

Now look at his testimony. Every time I asked him a question: What did you do next? Ah well, ah, ah. What's the guys name that you were with? I don't know. Where did you go after that? I saw my kid. Now, none of those people were there when he came back, admittedly. But you think that one of them could come in here and say where he was.

MS. RENO: Object, Your Honor. State is shifting the burden of proof. Defense does not have to present any evidence.

THE COURT: Overruled.

MR. RAVETTA: But they did, and they presented that evidence because they want you to believe it, because if you believe him, he is not guilty. She didn't put him on here to impress you or something. She didn't put him on here as an exercise in continuing education. She put him on there because they want you to believe that story. And how do you believe that story? You haven't got even one witness here who can corroborate anything he said. And he saw seven or eight people that night. Now admittedly that wouldn't get him away from the scene of the crime, but it should show you he was telling the truth about something.

\* \* \* \* \* \*

None of the defendant's story is credible.

And you know what? What does that mean? That means he lied. Innocent people don't lie. Innocent people do not lie. So if you are weighing the credibility of the witnesses, and you believe that this man did not tell you the truth, he has a reason for not telling the truth. And the reason is he doesn't want to go to jail.

We find no manifest injustice or miscarriage of justice. Rule 30.20; and *State v. Childers*, 801 S.W.2d 442, 444[2] (Mo.App. 1990). First, the trial court has wide discretion in controlling final argument. *State v. Perry*, 820 S.W.2d 570, 574[6] (Mo. App.1991). Second, the prosecutor's statements about Defendant lying are permissible remarks on his credibility as a witness. *See, Clemmons v. State*, 785 S.W.2d 524, 530[17, 18] (Mo. banc 1990); *Stuckey v. State*, 756 S.W.2d 587, 591[6] (Mo.App. 1988); and *State v. Moutray*, 728 S.W.2d 256, 267[7] (Mo.App.1987). Furthermore, the prosecutor's comments about Defendant's lack of corroborating evidence are not prohibited and do not constitute an improper shifting of the burden of proof, especially in light of the court's clear instructions on the State's burden. *Perry*, 820 S.W.2d at 574[7]; *State v. Clark*, 759 S.W.2d 372, 375[6] (Mo.App.1988); and *State v. Henton*, 753 S.W.2d 19, 21[2] (Mo. App.1988). Point denied.

Defendant next complains about the submission of an instruction defining reasonable doubt because the language "firmly convinced" merely explains "beyond a reasonable doubt" and lowers the State's burden of proof. This point is denied by the mandate of the Missouri Supreme Court in *State v. Griffin*, 818 S.W.2d 278, 282[7] (Mo. banc 1991). Point denied.

Finally, Defendant asserts the trial court erred in failing to grant his motion to quash the indictment or, in the alternative, in failing to grant a stay of further proceedings. He argues the grand jury and

petit jury selection procedures in St. Louis City deny him his right to a jury reflecting a fair cross section of the citizens of the city and substantially fail to comply with the declared policy of §§ 494.400–494.505, RSMo 1986.

We are unable to consider this point because the record in this case fails to show any evidence in support of said motion. The Honorable Ronald Belt conducted a hearing on Wednesday, October 10, 1990 on a motion to stay all jury trials in the City of St. Louis because of problems with jury selection procedures. The evidence adduced at this hearing was incorporated by reference into all pending cases. However, Defendant's case was not among the pending cases. Defendant's motion was heard on September 16, 1991. He requested in the prayer of his motion that evidence adduced at the October 10, 1990 hearing be incorporated by reference into his motion and the record in the cause. This request was denied by the trial court by the denial of the motion. Therefore, the record in this case does not show that any evidence was offered by the Defendant at the time his motion was heard. In any event, at the October 10, 1990 hearing Judge Belt found no error with the selection of grand jurors. There is no evidence that anything has changed since such trial court order.

Further, Defendant's challenge to the composition of the petit jury is without merit. A stay of all jury trials in the City of St. Louis was granted on October 16, 1990 upon an identical motion. However, this stay was lifted that same day when the Board of Jury Commissioners issued an administrative order correcting the perceived deficiencies and imposed new procedures. Again, Defendant has presented no evidence that the new procedures are inadequate. *State v. McDowell*, 832 S.W.2d 333, 335[4] (Mo.App.1992).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.