**STATE of Missouri, Respondent,**

v.

**Joe QUINN, Appellant.**

No. 63224.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 9, 1994.

Elizabeth R. Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for first degree burglary and sentence as a prior and persistent offender to seventeen years' imprisonment. We affirm.

Defendant does not contest the sufficiency of the evidence. At approximately 6 a.m. on September 7, 1991, Mr. and Mrs. Hargrove were asleep in their home at 4614 Carter Street. Mrs. Hargrove was awakened by the sound of the back door opening. She stayed in bed and did not wake her husband, assuming one of her children had opened the door. A few minutes later she saw a strange man, later identified as Defendant, standing in the doorway of her bedroom.

She asked Defendant what he was doing and Defendant responded by asking if there was a Darlene in the house. Mrs. Hargrove said there was not and asked the Defendant to leave. As Defendant was exiting the bedroom, he awakened Mr. Hargrove who jumped up and ran after Defendant. Mr. Hargrove grabbed the Defendant and threw him out the front door. Mr. Hargrove and his sons, Ricardo and Eugene, noticed some of the family's possessions in the backyard including, a stereo, movies, tapes, and food. Mr. Hargrove stated none of these items were in the backyard when he got home from work at around 1 a.m. Ricardo and Eugene went out to the backyard and saw Defendant trying to carry away some of their things. Ricardo saw Defendant reach into his shirt and thought Defendant was reaching for a gun. Ricardo ducked behind a car and Defendant chased Ricardo around the car. Ricardo and Eugene ran back into the house and Defendant ran away. After returning to the house, the brothers tried to call the police but found the telephone also had been removed from the house. Mr. Hargrove and the two boys left in the car to get help. After phoning the police, they drove around looking for the Defendant. Some neighbors told them they had just seen a man running through the neighborhood. The neighbors then got in the car to help the Hargroves look for Defendant. Eventually they spotted Defendant. Everyone jumped out of the car and Defendant stopped and said, "Yeah, I did it. I did it." The group detained Defendant until the police arrived.

When apprehended, Defendant was wearing a shirt and a ball cap which were taken from the Hargrove home. Defendant also had Ricardo's keys and pocketknife in his pocket. These items had been on the Hargroves's kitchen table prior to this incident.

Defendant first alleges the trial court abused its discretion in overruling his objection and motion for a mistrial in response to a statement made by the prosecutor during closing argument. Defendant objected to the following statement as an improper comment on the Defendant's failure to testify: "And there is nothing, ladies and gentlemen, in evidence to controvert any of the State's evidence, nothing."

■ The trial court is afforded broad discretion in controlling closing arguments. *State v. Ramsey,* 820 S.W.2d 663, 667[11] (Mo.App.1991). Therefore, we will only overturn the trial court's decision if there was a direct and certain reference to the defendant's failure to testify. *Id.* Comments indicating the evidence is "uncontroverted" or "uncontradicted" are not direct, indirect, or certain references to a defendant's failure to testify. *State v. McDowell,* 832 S.W.2d 333, 335[7] (Mo.App.1992). Further, the prosecutor may comment on the defendant's failure to offer evidence. *State v. Clark,* 759 S.W.2d 372, 375[7] (Mo.App.1988).

■ Here, the prosecutor's comment was not a direct and certain reference to the Defendant's failure to testify. Rather, it was merely a comment on the Defendant's failure to offer any evidence to contradict the State's evidence. *See, McDowell,* 832 S.W.2d at 335[7]. Point denied.

■ In his second point Defendant alleges the trial court abused its discretion failing to strike Venireperson Wordlaw for cause. He contends this denied him a full panel of qualified jurors from which to exercise his peremptory challenges.

Defendant's claim is barred by the recent amendment to § 494.480, Vernon's Missouri Legislative Service Letter, Laws of the 87th General Assembly, 1993 First Regular Session, at 1345 (1993). Section 494.480.4 states:

> The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for a new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

The use of revised § 494.480 in this case does not give rise to any *ex post facto* concerns. *See, State v. Wings,* 867 S.W.2d 607, 609 (Mo.App.E.D.1993) (not final pending motion for rehearing and transfer). We adopt the reasoning of *Wings.* The challenged venire-

person was not on the sworn jury. Point denied.

Defendant's final point on appeal alleges the trial court erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.-04, because it unconstitutionally equates "reasonable doubt" with "firmly convinced." This argument has been repeatedly rejected by the Missouri Supreme Court. *See, State v. Griffin* 848 S.W.2d 464, 468–69 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.