STATE of Missouri,
Plaintiff/Respondent,

v.

Andrew L. WALTERS,
Defendant/Appellant.

No. ED 96196.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 2012.

Shaun J. Mackelprang, Jayne T. Woods, Jefferson City, MO, for Plaintiff/Respondent.

Kent Denzel, Columbia, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Andrew L. Walters (Appellant) appeals from the trial court's judgment entered upon a jury verdict finding him guilty of one count of first-degree statutory rape; three counts of first-degree statutory sodomy; one count of first-degree child molestation; one count of second-degree statutory rape; two counts of second-degree statutory sodomy; and one count of second-degree child molestation. We reverse and remand in part and affirm in part.

*Factual and Procedural Background*

Victim was born on April 20, 1991. Appellant is married to Victim's aunt. Between 2003 and 2005, Victim was a frequent visitor at Appellant's house to see her aunt and cousins. Victim also lived at Appellant's house for three to six months during these years.

In 2003, when Victim was 12 years old, Appellant began sexually abusing her. On one occasion, Victim and Appellant were watching a movie in Appellant's living room, when a sexually explicit scene came on. Victim stated that she thought it was gross, and Appellant replied, "It's not gross once you do it." Appellant then left the room, returned with a vibrator, which he turned on and placed between Victim's legs. Around this time Appellant began smacking Victim on the butt and making comments about how he liked her chest.

The following weekend, Victim was visiting Appellant's home. At some point, she and Appellant were alone on the couch. Appellant moved closer to her, unfastened her shorts, and put his finger into her vagina. Appellant ignored Victim's request to stop. When Appellant eventually stopped of his own accord, Appellant told her that if she told anyone about what he did, she would lose her family.

On occasions during 2003–2004, when Victim was 12 or 13 years old, Appellant would place his hands on her chest both over and under her clothing. While doing so, Appellant would tell her how nice her breasts were and how much he liked them. Appellant ignored Victim's requests for him to stop this behavior. On one occasion during this same time frame, Appellant told Victim to go into the bedroom and remove her pants. Victim complied, and Appellant followed her in and then put a condom on his penis and advised Victim that "it was going to hurt." Appellant then lay on top of Victim, placed his penis into her vagina, and had sexual intercourse with her. Appellant continued to have intercourse with Victim until she was 17 years old.

Also in 2003–2004, when Victim was 12 to 13 years of age, and once after she turned 14 years old, Appellant forced her to masturbate him. Appellant also placed his penis in Victim's mouth prior to her turning 14 years old.

In September 2008, when Victim was 17, she was living with her father. She and her father had a fight, and as a result Victim moved in with her aunt and Appellant. Appellant again touched her, put his finger in her vagina, and had sexual intercourse with her. Victim lived with her aunt and Appellant until March 17, 2009, when she left to move in with her mother.

The State charged Appellant with ten offenses, each count corresponding to a specific discrete sexual act alleged to have been performed by him upon Victim within the date ranges as set out in the chart below. From 4/20/03 to 4/19/05, Victim was 12 and 13 years of age, but not yet 14. From 4/20/05 to 4/19/08, Victim was between 14 and 16 years of age, but not yet 17.

| Count | Charge | Conduct | Date Range |
|-------|--------|---------|------------|
| I. | 1st deg. stat. rape | (sexual intercourse) | 4/20/03—4/19/05 |
| II. | 1st deg. stat. sodomy | (finger in vagina) | 4/20/03—4/19/05 |
| III. | 1st deg. stat. sodomy | (penis in mouth) | 4/20/03—4/19/05 |
| IV. | 1st deg. stat. sodomy | (hand on penis) | 4/20/03—4/19/05 |
| V. | 1st deg. child molest. | (hand on breast through clothes) | 4/20/03—4/19/05 |
| VI. | 2nd deg. stat. rape | (sexual intercourse) | 4/20/05—4/19/08 |
| VII. | 2nd deg. stat. sodomy | (finger in vagina) | 4/20/05—4/19/08 |
| VIII. | 2nd deg. stat. sodomy | (penis in mouth) | 4/20/05—4/19/08 |
| IX. | 2nd deg. stat. sodomy | (hand on penis) | 4/20/05—4/19/08 |
| X. | 2nd deg. child molest. | (hand on breast through clothes) | 4/20/05—4/19/08 |

After a two-day trial held on September 13 and 14, 2010, the jury found Appellant guilty of all offenses except Count VIII. On November 2, 2010, the court sentenced Appellant to 24 years of imprisonment on Counts I—IV; 15 years on Count V; seven years on Counts VI, VII, and IX; and one year in the county jail on Count X, all sentences to be served concurrently.

This appeal follows.

### Points on Appeal

In his first point, Appellant maintains that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence, and in entering judgment on the verdict of guilty of Count VII, second-degree statutory sodomy, because the rulings violated Appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the evidence was insufficient to establish beyond a reasonable doubt that Appellant put his finger in Victim's vagina more than one time, which was reflected in Count II, first-degree statutory sodomy. Victim did not testify to a second such act after she turned 14 years old, but even if her testimony that Appellant performed such act two weeks before she left the house describes the act alleged, it occurred after Victim turned 17, if not 18 years old.

In his second point, Appellant claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence, and in entering judgment on the verdict of guilty of Count X, second-degree child molestation, because the rulings violated Appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the evidence was insufficient to establish beyond a reasonable doubt that Appellant touched Victim's breasts through her clothing more than one time, which was reflected in Count V, first-degree child molestation. Victim did not testify to a second such act after she turned 14 years

old, but even if her testimony that Appellant did perform such act two weeks before she left the house describes the act alleged, it occurred after Victim turned 17, if not 18 years old.

In his third point, Appellant asserts that the trial court plainly erred in failing to *sua sponte* instruct the jury to disregard the State's argument that Appellant failed to testify in his own defense, in violation of his rights to remain silent, to due process of law, and to a fair trial before a fair and impartial jury, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10, 18(a), and 19 of the Missouri Constitution, in that the prosecutor said, "You either believe ... [Victim] or you don't ... Because there isn't anything else." Appellant concedes that even though this was an indirect reference, it was reasonably apt to direct the jury's attention to, and was calculated to magnify, Appellant's failure to testify, because where Victim testified that only she and Appellant were present, the only other possible evidence—the only "something else" that the prosecutor could have been referring to—would have been Appellant's testimony.

### Standard of Review

In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict. *Id.*

Allegedly improper comments made by the prosecutor that are not preserved for review by a timely objection will be reviewed only for manifest injustice under the plain error rule, Rule 30.20.[1] *State v. Cole,* 71 S.W.3d 163, 170 (Mo.banc 2002). To prevail on plain error review, Appellant must show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice results if the error is not corrected. *Id.* Statements made in closing argument will rarely amount to plain error, and any assertion that the trial court erred for failing to intervene *sua sponte* overlooks the fact that the absence of an objection by trial counsel may have been strategic in nature. *Id.* at 171.

### Discussion

#### Points I and II

We initially note that in its Respondent's brief, the State concedes the merits of Points I and II, opining that Counts VII and X must be vacated because the State failed to present sufficient evidence supporting those counts. Counts VII and X assert second-degree statutory sodomy and second-degree child molestation, respectively.

In Count VII, Appellant was charged with second-degree statutory sodomy. Section 566.064.1[2] provides that a person commits the crime of second-degree statutory sodomy if being 21 years of age or older, he has deviate sexual intercourse with another person who is less than 17 years of age. In Count VII of the Information, the State charged that Appellant committed second-degree statutory sodomy between the dates of April 20, 2005 and April 19, 2008, by placing his finger in

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

2. All statutory references are too RSMo 2000, unless otherwise indicated.

Victim's vagina when she was younger than 17.

In Count II of the Information, the State charged Appellant with first-degree statutory sodomy for placing his finger in Victim's vagina between the dates of April 20, 2003 and April 19, 2005, when Victim was less than 14 years of age.

■ At trial, the State introduced sufficient evidence to support Appellant's conviction of Count II, first-degree statutory sodomy, based upon Victim's testimony that Appellant placed his finger in her vagina prior to her 14th birthday. The State also presented evidence in the form of Victim's testimony that Appellant engaged in the same conduct with Victim when she was 17 years old. The State failed, however, to introduce evidence of another occurrence of Appellant placing his finger in Victim's vagina when she was younger than 17, as required by Section 566.064.1, to support a conviction of Count VII; *such act not being the same one as charged in Count II.*

Thus, there is not sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt of second-degree statutory sodomy as set out in Count VII. *Grim,* 854 S.W.2d at 405.

In Count X, the State charged Appellant with second-degree child molestation. A person commits the crime of second-degree child molestation if he subjects another person who is less than 17 years of age to sexual contact. Section 566.068.1. In Count X of the Information, the State charged that Appellant committed the crime by placing his hands on Victim's breasts. The State charged Appellant with first-degree child molestation for the same conduct in Count V, the only difference being that Victim was less than 14 years of age, rather than less than 17 years of age.

■ In Count X, the State again temporally limited the time in which Appellant was charged to have touched Victim's breasts when she was younger than 17 to support a charge of second-degree molestation as between April 20, 2005 and April 19, 2008, *i.e.,* between the ages of 14 and 17. Again, this time frame limits Victim's age span in which the jury could find that Appellant could have engaged in such conduct to *between 14 and 17,* and any evidence that Appellant touched Victim's breast before April 20, 2005, *i.e.,* when she was younger than 14, or after April 19, 2008, *i.e.,* when she was 17 years of age or older, cannot support a conviction of Count X. We could glean no evidence in the record that Appellant touched Victim's breast during this time, even though there was evidence that Appellant touched her breasts prior to her turning age 14, which supports Appellant's conviction under Count V. There is not another specific, overt incident in the record via Victim's testimony supporting a conviction of second-degree child molestation for touching her breasts when she was under the age of 17 between the time frames set forth in Count X.

Again, the record supports that the State introduced sufficient evidence to support Appellant's conviction of first-degree child molestation based upon Appellant's act of placing his hands on Victim's breasts prior to her attaining the age of 14 years. The State also presented evidence that Appellant engaged in the same conduct with Victim when she was 17 years old. The record does not contain evidence, however, of an occurrence where Appellant puts his hands on Victim's breast when she is younger than 17, as required by Section 566.068.1, such act not being the same one supporting the charge in Count V. Thus, there is not sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable

doubt of second-degree child molestation as set out in Count VII. *Grim*, 854 S.W.2d at 405.

The only evidence presented at trial in support of these convictions was Victim's testimony. Our careful examination of Victim's testimony as set out in the transcript as well as the rest of the record on this case supports the merits of Appellant's first two points and the State's concession to their merits also.

Accordingly, because the State failed to present sufficient evidence to support Appellant's convictions of second-degree statutory sodomy and second-degree child molestation as set out in Counts VII and X, respectively, Points I and II are granted.

### Point III

At trial, during the State's closing argument, the prosecutor argued Victim's credibility to the jury:

> There really aren't any real issues here. You either believe [Victim] or you don't. That's the bottom line. Because there isn't anything else. And there is never going to be anything else. So you either believed her or you don't. And ladies and gentlemen, she is worthy of your belief. She is worthy of your belief.

■ Appellant objects to the phrases "Because there isn't anything else. And there is never going to be anything else" as indirect comments on his failure to testify. Appellant failed to make this objection at trial or in his motion for new trial, and thus we review for plain error. Plain error will seldom be found in unobjected closing argument. *State v. Kempker*, 824 S.W.2d 909, 911 (Mo.banc 1992). In fact, in most cases even a direct comment on a defendant's failure to testify, although erroneous, is not enough to justify a finding of plain error. *State v. Dees*, 916 S.W.2d 287, 296 (Mo.App. W.D.1995). Prejudice from such comments can normally be cured by an instruction to the jury. *Id.*;

see also *Kempker*, 824 S.W.2d at 911. By failing to object, Appellant denied the judge the opportunity to avoid prejudice by means of an instruction and thereby waived his right to raise this issue as error on appeal. *Dees*, 916 S.W.2d at 296; *Kempker*, 824 S.W.2d at 911.

■ In any event, we find the prosecutor's remarks in this case to be better characterized as commenting on the State's own evidence, in the form of Victim's testimony, as opposed to commenting on Appellant's failure to testify. The remarks made by the prosecutor in his closing argument are similar in nature to those which have been held to be a description of the State's witnesses' testimony as uncontradicted or undisputed, which is not a reference to the defendant's failure to testify. *State v. Taylor*, 944 S.W.2d 925, 935 (Mo.banc 1997). A good illustration of these types of comments is found in *State v. Hawkins*, 328 S.W.3d 799, 813–14 (Mo.App. S.D.2010):

> Comments indicating the evidence is 'uncontroverted' or 'uncontradicted' are not direct, indirect, or certain references to a defendant's failure to testify. *State v. Quinn*, 871 S.W.2d 80, 81 (Mo.App. E.D. 1994). In fact, the prosecutor may comment on the defendant's failure to offer evidence. *Id.* Statements that the evidence 'is clear and uncontroverted as to what happened;' '[t]here is no evidence to the contrary;' and '[y]ou have been presented with no evidence inconsistent with that[ ]' have previously been upheld as constituting neither a direct nor indirect reference to a defendant's failure to testify. [further citations omitted].

Here, the prosecutor's closing comments, including: *'That is the evidence in this case[,] that is the only evidence in this case[,] . . . and that is uncontradicted[,] that is the evidence in this case[,]'* (emphasis added), did not con-

stitute prohibited direct or indirect comments on Appellant's failure to testify. Each of the statements Appellant complains of are similar in nature to those previously held by this Court not to constitute direct or indirect reference to a defendant's failure to testify.

Thus, as in *Hawkins,* 328 S.W.3d at 813–14; *Taylor,* 944 S.W.2d at 935; and *Quinn,* 871 S.W.2d at 81, we find the prosecutor's statements in this case, especially when examined in context of the surrounding comments of his entire argument, to be properly characterized as comments on the State's evidence, *i.e.,* Victim's testimony and the credibility thereof, and not as indirect comments on Appellant's choice not to testify. A prosecutor may comment on the evidence and the credibility of the witnesses. *Taylor,* 944 S.W.2d at 936.

Based on the foregoing, Point III is denied.

### *Conclusion*

The judgment and sentence of the trial court is reversed and remanded in part, with directions to the trial court to vacate Appellant's convictions and sentences for Counts VII and X. The judgment and sentence of the trial court is otherwise affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.